Alista **MAXWELL**, Appellant,

v.

Heidi Jane **SEIFERT**, Appellee.

No. 14–06–00902–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 18, 2007.

Mark G. Lazarz, Houston, for appellant.

Matthew Brendan E. Hughes, Houston, for appellee.

Panel consists of Justices YATES, SEYMORE, and EDELMAN.*

## OPINION

CHARLES W. SEYMORE, Justice.

Alista Maxwell, appellant, sued Dr. Heidi Jane Seifert, appellee, for medical malpractice. Dr. Seifert filed a motion to dismiss for failure to timely file an expert report as required under Texas Civil Practice and Remedies Code section 74.351. After conducting a hearing, the trial court granted Dr. Seifert's motion to dismiss. In three issues, Maxwell contends the trial court erred by: (1) dismissing a new claim that she added the day before the hearing, (2) determining medical records which were provided in response to Dr. Seifert's discovery requests could not constitute an expert report, and (3) failing to rule on Maxwell's request for a thirty-day extension to cure a deficiency in the required expert report. We affirm.

### I. BACKGROUND

On April 21, 2004, Dr. Heidi Seifert gave Alista Maxwell an epidural steroid injection to treat neck pain. Dr. Seifert used a fluoroscope to guide the needle into Maxwell's spinal region. After the procedure, Maxwell suffered paralysis on her left side and temporary vision loss in her left eye. Subsequently, Maxwell was examined by Dr. Edward Murphy, a neurosurgeon, and Dr. William Fleming III, a neurologist. Both doctors opined that Maxwell suffered a spinal cord injury.

On March 29, 2006, Maxwell filed suit, alleging Dr. Seifert was negligent in performing the epidural steroid injection by causing the needle to travel through her spinal cord, resulting in significant and permanent damage. Under Texas Civil Practice and Remedies Code section

* Senior Justice Richard H. Edelman sitting by assignment.

74.351(a), a claimant in a medical malpractice suit must serve on each party, no later than the 120th day after the date the original petition was filed, one or more expert reports with a curriculum vitae of each expert listed in the report. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2006). Therefore, Maxwell's expert report was due on July 27, 2006, the 120th day after the suit was filed.

On August 17, 2006, Dr. Seifert filed a motion to dismiss based on Maxwell's failure to timely serve an expert report pursuant to Texas Civil Practice and Remedies Code section 74.351. On September 1, 2006, Maxwell filed a response to Dr. Seifert's motion to dismiss, arguing that she complied with the expert report requirement by producing medical records from Dr. Murphy and Dr. Fleming in her response to Dr. Seifert's request for production.[1] In the alternative, she also requested a thirty-day extension to cure any deficiencies.

On September 21, 2006, the day before the motion-to-dismiss hearing, Maxwell filed a First Amended Petition, Supplemental Response to Defendant's Motion to Dismiss, and Plaintiff's Amended Responses to Defendant's First Request for Production. In the First Amended Petition, Maxwell alleged, for the first time, two additional claims of liability against Dr. Seifert: (1) failure to disclose risks of the procedure under Texas Civil Practice and Remedies Code section 74.101; and (2) res ipsa loquitur. In the Supplemental Response to Defendant's Motion to Dismiss, she explained that she amended her responses to the request for production and they were responsive to a request for any

expert reports in compliance with section 74.351. She also argued that the amended responses should "relate back to and supplant" the original responses.

On September 22, 2006, the trial court conducted a hearing on the motion to dismiss. At the hearing, appellant argued that the medical records she provided in response to Dr. Seifert's discovery request within 120 days of filing suit met the expert report requirement. She further argued that only an opinion on causation is required in an expert report where the claim is failure to disclose risks of procedure or res ipsa loquitur and that her medical records satisfied this element. Maxwell alternatively requested a thirty-day extension to file an expert report if the trial court found the medical records were merely a deficient expert report. During the hearing, Maxwell's counsel also admitted that he originally did not intend for the medical records to serve as a section 74.351 expert report; however, he mistakenly calendared the expert report filing date under the former deadline, which required an expert report to be filed within 180 days.

The trial court signed an order granting Dr. Seifert's motion to dismiss Maxwell's claims with prejudice on September 28, 2005.

## II. STANDARD OF REVIEW

We review a trial court's ruling as to the adequacy of an expert report under an abuse of discretion standard. *Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to

---

1. Specifically, she produced the medical records in response to Dr. Seifert's request for production number 14 requesting "True, complete, and correct copies of any and all records, correspondence, notes and/or reports from any physician and/or healthcare provider who has opined that any injury to plaintiff was caused, in whole or in part, by any negligence of Heidi Jane Seifert, M.D."

guiding rules or principles. *See Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than an appellate court would in a similar circumstance. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). However, to the extent resolution of this issue requires interpretation of the statute itself, we apply a de novo standard. *Buck v. Blum,* 130 S.W.3d 285, 290 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Ponce v. El Paso Healthcare Sys., Ltd.,* 55 S.W.3d 34, 36 (Tex.App.-El Paso 2001, pet. denied); *Gomez v. Matey,* 55 S.W.3d 732, 735 n. 2 (Tex.App.-Corpus Christi 2001, no pet.).

### III. DISMISSAL OF NEW CLAIMS

■ In her first issue, Maxwell contends the trial court erred by dismissing her failure-to-disclose-risks claim, which she added in her First Amended Petition filed the day before the motion-to-dismiss hearing. Specifically, appellant contends this claim was a "distinct health care liability claim" from the original claim of negligence in the performance of the epidural steroid injection, and a new 120–day time line to file an expert report with regard to this claim began when she amended her petition. However, section 74.351(a) clearly requires that a claimant serve her expert report not later than the 120th day after the date the "original petition" was filed. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). Maxwell did not file her expert report within 120 days after the original petition was filed. She did not gain another 120 days in which to serve an expert report when she filed her amended petition on September 21, 2006.[2] Accordingly, we overrule appellant's first issue.

### IV. EXPERT REPORT

■ In her second issue, Maxwell contends the trial court erred by determining that her production of medical records in response to discovery requests did not satisfy section 74.351. Specifically, Maxwell contends the medical records constitute an expert report under section 74.351 because the medical causation question was addressed by one or more of the physicians who created the records. In her brief, Maxwell quotes portions of the medical

---

2. In support of her argument, appellant cites *Puls v. Columbia Hospital at Medical City Dallas Subsidiary,* 92 S.W.3d 613, 617–18 (Tex.App.-Dallas 2002, pet. denied). However, the *Puls* court applied Texas Revised Civil Statute article 4590i, section 13.01(d), which provided that the expert report was due no later than the 180th day after the health care liability claim was filed. *See Puls,* 92 S.W.3d at 617 (citing TEX.REV.CIV. STAT. ANN. ART. 4590i, § 13.01(d) (repealed in 2003)). In 2003, the Legislature repealed article 4590i of the Revised Civil Statutes and moved the amended provisions of former article 4590i to Chapter 74 of the Civil Practice and Remedies Code. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864–82, 884. Appellant also cites for support the 2003 version of the Texas Civil Practice and Remedies Code section 74.351(a) which provided that a claimant must file an expert report "not later than the 120th day after the date the *claim* was filed." TEX. CIV. PRAC. & REM.CODE ANN. § 75.351(a) (Vernon 2005) (repealed in 2005) (emphasis added). However, in 2005 the Legislature amended section 74.351(a) by substituting the words "original petition" for the word "claim" in the first sentence of section 75.351(a). *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590. This amendment became effective September 1, 2005. Therefore, the 2005 amendment applies to the original petition which was filed in this case on March 29, 2006.

records that purportedly constitute an expert report under section 74.351.

After reviewing the statute and the Texas Supreme Court's instruction regarding the purpose and requirements of expert reports in medical malpractice cases, we conclude that the Maxwell's bulk medical records, served in response to Dr. Siefert's discovery requests, do not constitute an expert report under section 74.351. Maxwell's medical records are reflective of her physician's contemporaneous observations, diagnosis and treatment. The content is not responsive to specific questions related to the standard of care and medical causation. An expert report is defined as a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding: (1) applicable standard of care; (2) the manner in which the care provided failed to meet the standards; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. TEX. CIV. PRAC. & REM.CODE ANN. § 74.35(r)(6) (Vernon Supp. 2006). The Texas Supreme Court has explained that an expert report must include information sufficient to fulfill two purposes: (1) inform the defendant of the specific conduct the plaintiff has called into question; and (2) provide a basis for the trial court to conclude that the claims have merit. See Am. Transitional Care Ctrs. v. Palacios, 46 S.W.3d 873, 879 (Tex.2001). In contrast with medical records, an expert report is not admissible, and shall not be used in a deposition, trial or other proceeding unless the claimant uses it for any purpose other than to fulfill the service requirement. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(k)(1)(2), (t) (Vernon Supp.2006). Accordingly, we cannot agree with appellant's suggestion that Dr. Seifert was required to read bulk medical records and search for the statutorily required information. Moreover, it would be very difficult, if not impossible, for a defendant to timely fulfill the 21 day requirement for filing objections to the sufficiency of an expert's report when a plaintiff produces bulk medical records without identifying the portion of the records that fulfills the requirements of section 74.351(a).

In her brief, Maxwell implicitly admits that her medical records do not contain the statutorily required opinion regarding the standard of care or how Dr. Seifert allegedly breached that standard. However, Maxwell suggests her res ipsa loquitur claim survives the requirements of section 74.351. Our court has previously rejected this contention. See Ruiz v. Walgreen Co., 79 S.W.3d 235, 239-40 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (concluding that even if res ipsa loquitur does apply, an expert report is still required); See also Hector v. Christus Health Gulf Coast and Canaan L. Harris, M.D., 175 S.W.3d 832, 839 (Tex.App.-Houston [14th Dist.] 2005 pet. denied).

Accordingly, we hold that the bulk medical records Maxwell served in response to Dr. Seifert's request for production do not constitute an expert report under section 74.351. Maxwell's second issue is overruled.

## V. REQUEST FOR AN EXTENSION

In her third issue, Maxwell contends the trial court erred by failing to rule on Maxwell's request for a thirty-day extension to cure a deficiency in her purported expert report.

Section 74.351(c) provides: "If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c) (Vernon Supp.2006). Several courts of appeals, including this court,

have interpreted this language to mean that the thirty-day extension applies only when an initial expert report is timely filed. *See Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2006, no pet.) ("Although section 74.351(c) gives a court discretion to grant 30 days to amend a deficient expert report, this section applies only when an initial report is timely filed; it is not available to extend the deadline for first filing a report."); *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815 (Tex.App.-Corpus Christi 2006, no pet.) (holding that "[a]n extension under section 74.351(c) is not available if the expert report is not served by the deadline"); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 460 (Tex.App.-Austin 2006, no pet.) (noting that section 74.351(c) did not apply to plaintiff's late-filed expert report because that section "permits extensions for expert reports that the court finds deficient in substance, not for reports that are filed untimely"); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 852–53 (Tex.App.-Texarkana 2006, no pet.) (same).

Because Maxwell's bulk medical records do not constitute an expert report under section 74.351, we hold the trial court did not err by failing or refusing to rule on her request for a thirty-day extension to cure a deficiency. Accordingly, we overrule appellant's third issue.

The judgment of the trial court is affirmed.