Opinion issued May 13, 2010

                                                                        

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00945-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DANIEL STROUD, M.D., Appellant

 

V.

 

JERRY GRUBB, INDIVIDUALLY AND AS REPRESENTATIVE OF THE
ESTATE OF LONNIE GRUBB, DECEASED, Appellee

 

 



On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2008-40799

 

 



O P I N I O N

          In
this interlocutory appeal, we decide the proper deadline for filing an expert
report corresponding to a defendant who is added to an existing lawsuit.  Jerry Grubb, individually and as
representative of the estate of Lonnie Grubb, sued Dr. Amilcar Avendano for
wrongful death, negligence, and gross negligence.  A year after filing the initial petition,
Grubb filed an amended petition, naming Dr. Daniel Stroud as an additional
defendant.  In the trial court, Dr.
Stroud moved to dismiss the case against him, contending that Grubb did not
serve him with an expert report within 120 days after filing the “original”
petition, although he concedes that Grubb did so within 120 days of having sued
him.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a) (Vernon Supp. 2009). 
The trial court denied Stroud’s motion to dismiss.  We hold that amending a petition to name a
defendant triggers the 120-day time period to serve that defendant with an
expert report.  We therefore affirm the
order of the trial court.

Background

In September 2007, the Houston
Northwest Medical Center admitted Lonnie Grubb due to his complaints of chest
pain.  After Dr. Avendano performed a cardiac
catheterization he consulted with Dr. Stroud to evaluate Grubb for cardiac
surgery.  Although Grubb had been taking
aspirin and Plavix, two anti-coagulants, Avendano and Stroud recommended a
triple coronary artery bypass grafting, which Stroud performed.  Grubb experienced excessive bleeding both
during and after the surgery, leading to the build-up of blood between the
heart muscles and heart sac, which required a second surgery by Stroud the next
day.  Grubb’s condition continued to
deteriorate and he died of multisystem organ failure four days later.

Jerry Grubb, Lonnie’s daughter and
the representative of his estate, sued Dr. Avendano for negligence, gross
negligence, and wrongful death on July 7, 2008, and she simultaneously served
Avendano with the expert report of Dr. Paul Dlabel.  On July 22, 2009, Grubb filed her fourth
amended original petition which, for the first time, named Dr. Stroud as a
defendant.  The next day, Grubb served
Stroud with the expert reports of Dr. Dlabel, Dr. Alexander Stein, and Nurse
Thomas Locke.

Stroud moved to dismiss, contending
that the expert reports were untimely because Grubb did not serve Stroud with
them within 120 days of filing the initial original petition against
Avendano.  Grubb responded that the 120-day
time period to serve Stroud with an expert report runs from the filing of the
fourth amended petition, which was the first petition to name Stroud as a
defendant and assert claims against him. 
The trial court denied Stroud’s motion to dismiss, and Stroud filed this
interlocutory appeal.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon 2008)
(allowing an interlocutory appeal when a district court “denies all or part of
the relief sought by a motion under section 74.351(b)”).

Discussion

Standard of Review

          Ordinarily,
we review a trial court’s decision on a section 74.351 motion to dismiss for
abuse of discretion.  Am. Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 878 (Tex. 2001). 
The trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to any guiding rules or principles.  Walker
v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).  When the facts are undisputed, as they are
here, we owe no deference to the trial court’s application of the law.  The resolution of this appeal is limited to
purely statutory interpretation, and thus we review the trial court’s ruling de
novo.  Torres v. Mem’l Hermann Hosp. Sys., 186 S.W.3d 43, 45 (Tex.
App.—Houston [1st Dist.] 2005, no pet.); Intracare
Hosp. N. v. Campbell, 222 S.W.3d 790, 794 (Tex. App.—Houston [1st Dist.]
2007, no pet.).

Timeliness of the Expert Report

          The
trial court concluded that Grubb timely served Stroud with an expert report
because the 120-day time period to serve a defendant does not run from just any
original petition, but instead runs from the first original petition to name
that defendant.  We agree with the trial
court.  The primary purpose of construing
a statute is to give effect to legislative intent.  Fitzgerald
v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex.
1999).  In determining this intent, we
first look to the plain language of the statute, for “it is a fair assumption
that the Legislature tries to say what it means, and therefore the words it
chooses should be the surest guide to legislative intent.”  Id.
at 866.  We also consider the object the
Legislature sought to attain, the circumstances under which the Legislature
enacted the statute, the legislative history, former statutory provisions, and
the consequences of a particular construction. 
Tex. Gov’t Code Ann.
§ 311.023(1)–(5) (Vernon 2005); see
also id. § 312.005 (“In interpreting a statute, a court shall
diligently attempt to ascertain legislative intent and shall consider at all
times the old law, the evil, and the remedy.”). 
We presume that the Legislature intends for the entire statute to be
effective and that its application yield a just and reasonable result.  Univ.
of Tex. Health Sci. Ctr. v. Gutierrez, 237 S.W.3d 869, 873 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied); Tex.
Gov’t Code Ann. § 311.021(2)–(3) (Vernon 2005).  When determining legislative intent, we do
not examine a term or provision in isolation, but we instead read the
particular statute as a whole.  See State v. Gonzalez, 82 S.W.3d 322,
327 (Tex. 2002); see also Gutierrez,
237 S.W.3d at 873 (“Chapter 74, in its entirety, rather than provisions in
isolation, must be considered, and meaning given to each provision consistent
with all others.”).

Section 74.351(a) of the Civil
Practice and Remedies Code provides that:

In a health care liability claim, a claimant shall,
not later than the 120th day after the date the original petition was filed,
serve on each party or the party’s attorney one or more expert reports, with a
curriculum vitae of each expert listed in the report for each physician or
health care provider against whom a liability claim is asserted.

 

Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009). 
A “health care liability claim” is a “cause of action against a health
care provider or physician for treatment, lack of treatment, or other claimed
departure from accepted standards of medical
care . . . which proximately results in injury to or death
of a claimant . . . .” 
Id. § 74.001(a)(13)
(Vernon 2005).  If the plaintiff does not
serve a defendant within 120 days of filing the original petition, the trial
court shall dismiss the claim against the particular defendant with
prejudice.  Id. § 74.351(b) (Vernon Supp. 2009).

          Before
2005, section 74.351(a) required the plaintiff to serve the expert report within
120 days after filing a health care liability claim.  See
Act of June 11, 2003, 78 Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws
847, 875 (amended 2005).  The Texas
Legislature amended this section, changing “claim” to “original petition,” to
“clarify the timing of when an expert report is due.”  Methodist
Charlton Med. Ctr. v. Steele, 274 S.W.3d 47, 50 (Tex. App.—Dallas 2008,
pet. denied).  The Legislature rationalized
the change as follows:

Since the passage of House Bill 4 in the 78th Session,
there has been some confusion regarding the timing of when an expert report is
due on a medical malpractice case.  Some
have argued that the report is due 120 days from the date of the statutory
notice letter, instead of 120 days from the date of the filing of the original
petition.  It was the intent of HB 4 that
the report be triggered by the filing of the lawsuit.

 

House Comm. on Civil Practices, Bill
Analysis, Tex. H.B. 2645, 79th Leg., R.S. (2005).  In holding that filing the claim, and not
serving the pre-suit notice letter, triggered the 120-day expert report time
period, the Texas Supreme Court acknowledged the 2005 amendment and stated that
“[it] see[s] nothing in the slight change in the statute’s language to indicate
that a different meaning was intended [by the change].”  Leland
v. Brandal, 257 S.W.3d 204, 206 (Tex. 2008).

          The
San Antonio Court of Appeals recently addressed the triggering date for expert
reports when an amended petition names new defendants.  See
Osonma v. Smith, No. 04-08-00841-CV, 2009 WL 1900404, at *1–2 (Tex.
App.—San Antonio July 1, 2009, pet. denied) (mem. op.).  Our sister court held that filing the amended
petition triggered the expert report requirement as to the newly named
defendants, noting that section 74.351(a) “refers to the first-filed petition
naming that defendant physician or health care provider as a party to the
lawsuit.”  Id. at *2; see also Padre
Behavioral Health Sys., LLC v. Chaney, __ S.W.3d __, No. 13-09-00495-CV,
2010 WL 844596, at *5–6 (Tex. App.—Corpus Christi Mar. 11, 2010, no pet. h.)
(adopting San Antonio court’s reasoning in holding 120-day expert report window
runs from amended petition first naming particular defendant).

          In
determining whether the Legislature intended to limit the expert report window
to the 120 days after the first-filed petition, we must read the term “original
petition” in the context of the remainder of the statute.  See
Gonzalez, 82 S.W.3d at 327.  Section
74.351(a) prefaces the 120-day expert report requirement by stating “[i]n a
health care liability claim.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a).  The Legislature
defined “health care liability claim” as a “cause of action against a health
care provider or physician for treatment, lack of treatment, or other claimed
departure from accepted standards of medical
care . . . which proximately results in injury to or death
of a claimant.”  Id. § 74.001(a)(13); see
also Mokkala v. Mead, 178 S.W.3d 66, 71 (Tex. App.—Houston [14th Dist.]
2005, pet. denied) (“A ‘health care liability claim’ is a ‘cause of action,’
not a lawsuit.”).  When reading section
74.351(a) as a whole, the expert report requirement is not triggered until the
claimant files a cause of action naming a particular physician; it is only then
that the defendant becomes a “party” to a suit involving a health care
liability claim.  See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(a) (noting that report must be served on a
“party” or a “party’s attorney”).  Here,
although Grubb’s fourth amended petition was not the first-filed original
petition in the lawsuit, it was the first petition to assert a claim against
Stroud, and thus was the original petition naming him as a party.

          Stroud
relies on three cases from our sister courts to support his contention that the
120-day time period runs from the first-filed original petition, regardless of
whether that petition names the health care defendant for whom a report is
required.  In Maxwell v. Seifert, Maxwell asserted a negligence claim and did not
serve an expert report within 120 days of filing her original petition.  237 S.W.3d 423, 425 (Tex. App.—Houston [14th
Dist.] 2007, pet. denied).  Instead, the
day before the hearing on Seifert’s motion to dismiss, Maxwell amended her
petition to add two new liability claims for failure to disclose risks and res
ipsa loquitor.  Id.  The Fourteenth Court of
Appeals rejected Maxwell’s contention that amending her petition to add new
claims gave her an additional 120 days to serve Seifert with an expert report,
reasoning that section 74.351(a) “clearly require[d]” an expert report within
120 days of the original petition.  Id. at 426.  The Dallas Court of Appeals reached the same
conclusion in Steele.  274 S.W.3d at 50.  The Dallas Court noted that section 74.351(a)
“necessarily limits the time for a party to add claims without the possibility
of dismissal for failing to serve an expert report to 120 days from filing the
original petition.”  Id.  In both Maxwell and Steele, the courts of appeals rejected an extension of the
statutory deadline for parties already named in the lawsuit.  This case is different:  Grubb did not sue Stroud until she named him
in the suit and made him a party to it. 
Only then did the statutory clock begin to run on her claim against
Stroud.[1]

          The
Legislature adopted section 74.351(a) to “remove unwarranted delay and expense,
to accelerate the disposition of non-meritorious cases, and to give
hard-and-fast deadlines for the serving of expert reports.”  Campbell,
222 S.W.3d at 797.  In enacting Chapter
74, the Legislature intended to “reduce excessive frequency and severity of
health care liability claims, but . . . in a manner that
will not unduly restrict a claimant’s rights.” 
See Leland, 257 S.W.3d at 208;
Hernandez v. Ebrom, 289 S.W.3d 316,
321 (Tex. 2009) (“[B]y requiring timely expert reports, the Legislature
intended to reduce frivolous claims; it indicated no intent to preclude
meritorious claims.”).  Adopting Stroud’s
interpretation of section 74.351(a) would have the practical effect of
prohibiting a claimant from adding additional defendants more than 120 days
after filing the initial petition, even if the statute of limitations has not
otherwise expired.  We decline to adopt
this interpretation when a reasonable one exists:  the 120 days runs from the first petition to assert
a claim against the particular defendant for whom an expert report is
required.  The latter interpretation comports
with the entire statutory language of section 74.351(a), does not lead to
absurd results, does not unduly restrict the rights of the claimant, and
preserves the “hard and fast” expert report deadline that the Legislature
intended.

Conclusion

We hold that the 120-day time period
to serve a health care liability defendant with an expert report is triggered
when the claimant first asserts a health care liability claim against that
defendant in a petition.  Because Grubb
served Stroud with an expert report within 120 days of filing the amended
petition in which she first asserted a health care liability claim against him,
the trial court correctly denied Stroud’s motion to dismiss.  We therefore affirm the order of the trial
court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.











[1] We note that the Dallas Court of Appeals also has
held that misidentification of a defendant and
failed attempts to serve the defendant with citation do not extend the 120 day
deadline.  Lone Star HMA, L.P. v. Wheeler, 292 S.W.3d 812, 816 (Tex. App.—Dallas
2009, no pet. h.).  Wheeler correctly
identified the hospital in her second amended petition and successfully served
it with citation two months after she filed the initial petition.  Id.
at 814.  Wheeler served the hospital with
an expert report within 120 days of serving the amended petition, but more than
120 days from filing the original petition. 
Id. at 815.  The Dallas Court refused to apply the
doctrine of misidentification to the service of an expert report, and held that
section 74.351(a) “makes no exception for the time it takes to effectuate
service of the lawsuit, nor does it address failed attempts to serve a
lawsuit.”  Id. at 816.  In contrast,
here, Stroud was not named until the fourth amended petition.