Affirmed and Opinion filed October 7, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01077-CV

___________________

 

CHCA West Houston, L.P. d/b/a West Houston
Medical Center, Appellant

 

V.

 

Nicole Priester, Appellee



 



 

On
Appeal from the 164th District Court

Harris County,
Texas



Trial Court Cause No. 2009-19527

 



 

 

OPINION

            In this interlocutory appeal of an order
denying a motion to dismiss, the appellant health care provider contends that
the trial court was required to dismiss the claims against it because the
claimant failed to serve the provider with expert reports within 120 days after
filing an original petition against a different defendant in separate suit.  We
affirm. 

I.  Factual and Procedural Background

            On June 16, 2008, Nicole Priester sued
Anthony Ademolu in Harris County Civil Court at Law No. 4 for sexual assault
and intentional infliction of emotional distress.  The assault allegedly
occurred while Priester was a patient at West Houston Medical Center, where
Ademolu was employed as a technician.  Counsel for Priester and Ademolu agreed
on the record that Priester’s suit did not assert a health care liability claim
and that Ademolu would not require Priester to comply with the procedures for
such claims as set forth in Chapter 74 of the Civil Practices and Remedies
Code.

            On March 27, 2009, Priester filed a
separate lawsuit in a Harris County district court against CHCA West Houston,
L.P. d/b/a West Houston Medical Center (“CHCA”).  Within 120 days after filing
suit against CHCA in the district court, Priester served CHCA with three expert
reports.[1] 
CHCA moved to dismiss the claims against it, arguing that Priester was required
to serve it with expert reports within 120 days after suing Ademolu in the
county civil court at law.  The district court denied the motion, and CHCA
brought this interlocutory appeal.

II.  Governing Law

            Within 120 days of filing the original
petition in a health care liability suit, the claimant must serve each party
with one or more expert reports, together with the curriculum vitae of each
expert listed in the report.  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009).[2]  For each physician or health care provider against
whom a health care liability claim is asserted, the report must provide
a fair summary of the expert’s opinions as to the applicable standard of care;
the manner in which the care provided failed to meet that standard; and the
causal relationship between that failure and the injury, harm, or damages
claimed.  Id. § 74.351(r)(6).  If the claimant fails to timely serve a
defendant physician or health care provider with an expert report, the trial
court must grant the defendant’s motion to dismiss the claim with prejudice.  Id.
§ 74.351(b).  

            When reviewing a trial court’s ruling on such
a motion to dismiss, we apply the abuse-of-discretion standard.  Mokkala v.
Mead, 178 S.W.3d 66, 70 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).
 An abuse of discretion occurs when a trial court acts in an unreasonable and
arbitrary manner, or when it acts without reference to any guiding principles.  Id.
 We defer to the trial court’s factual determinations, but review questions of
law de novo.  Id.  Thus, to the extent resolution of the issue before
the trial court requires interpretation of the statute itself, we apply a de
novo standard.  Id.  

            To interpret a statute, we must ascertain
and give effect to the legislature’s intent as expressed in the statute’s
language.  Presidio Indep. Sch. Dist. v Scott, 309 S.W.3d 927,
929 (Tex. 2010).  In doing so, we use the definitions prescribed by the legislature
and any technical or particular meaning the words have acquired.  Tex. Gov’t Code Ann. § 311.011(b)
(Vernon 2005).  Otherwise, we apply the words’ plain and common meaning unless the
legislature’s contrary intention is apparent from the context or such a
construction would lead to absurd results.  City of Rockwall v. Hughes,
246 S.W.3d 621, 625–26 (Tex. 2008).  We presume that the legislature intended a
just and reasonable result.  Tex. Gov’t
Code Ann. § 311.021(3).  Moreover, “in interpreting a statute, a
court shall diligently attempt to ascertain legislative intent and shall
consider at all times the old law, the evil, and the remedy.”  Tex. Gov’t Code Ann. § 312.005. 
Thus, even when interpreting an unambiguous statute, we may consider the
statute’s object, the circumstances of its enactment, legislative history, and
former statutory provisions.  Tex. Gov’t
Code Ann. § 311.023.

III.  Analysis

            CHCA contends that the petition Priester
filed in her earlier suit against Ademolu contained health care liability
claims, and thus, she was required to serve CHCA with expert reports within 120
days after suing Ademolu in the county civil court at law, even though CHCA was
not a party to that action.  CHCA’s argument is based in part on section
74.351(a), which provides as follows:

In a health care liability claim, a claimant shall, not
later than the 120th day after the date the original petition was filed,
serve on each party or the party’s attorney one or more expert reports, with a curriculum
vitae of each expert listed in the report for each physician or health care
provider against whom a liability claim is asserted.  The date for serving the
report may be extended by written agreement of the affected parties.  Each
defendant physician or health care provider whose conduct is implicated in a
report must file and serve any objection to the sufficiency of the report not
later than the 21st day after the date it was served, failing which all
objections are waived. 

Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009) (emphasis added).  An earlier
version of this section provided that expert reports were to be served “not
later than the 120th day after the date the claim was filed.”[3]  Citing Methodist Charlton Medical Center v.
Steele, CHCA argues that the legislature “clearly intended to make
Chapter 74’s expert report requirements more stringent when it amended the
statute in 2005.”  See 274 S.W.3d 47 (Tex. App.—Dallas 2009, pet. denied).[4]  According to
CHCA, this change required Priester to serve CHCA with an expert report within
120 days of suing Ademolu, even though CHCA was never a party to any litigation
with Priester during that time.  

            We need not address the parties’ dispute
as to whether Priester previously asserted a health care liability claim
against Ademolu[5]
because even if she did, such allegations would not have triggered a duty that
Priester serve CHCA with an expert report.  The filing of an original petition
does not “start the clock” for the claimant to serve expert reports on health
care providers whom the claimant has never named as a party.  The 2005 amendment
to section 74.351(a) clarifies when an expert report must be served, not
who must be served.  See S.
Comm. on State Affairs, Bill Analysis, Tex. H.B. 2645, 79th Leg., R.S.
(2005); H. Comm. on Civil Practices,
Bill Analysis, Tex. H.B. 2645, 79th Leg., R.S. (2005).[6]  Both before and
after the amendment, claimants were required under section 74.351(a) to serve
expert reports “on each party or the party’s attorney.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a) (emphasis added).  Both before and after the amendment, expert
reports have been required as to “each physician or health care provider against
whom a liability claim is asserted.”  Id. (emphasis added).  Both
before and after the amendment, the consequence for failure to timely serve
parties with an expert report “as to a defendant physician or health
care provider” has been that, on such a defendant’s motion, the trial court
must enter an order that awards the defendant “reasonable attorney’s fees and
costs of court” and “dismisses the claim with respect to the physician
or health care provider, with prejudice to the refiling of the claim.”  Id. § 74.351(b)
(emphasis added).  Thus, treating the filing of an “original petition” as
triggering a duty to serve expert reports on nonparties would be inconsistent
with the remainder of the statute.

            In arguing that the trial court abused
its discretion by failing to dismiss Priester’s claims against it, CHCA cites
cases in which courts have held that a plaintiff in a health care liability
suit cannot restart the statutory deadline to file an expert report by (a) nonsuiting
and refiling the same claims against the same defendant,[7] (b) amending the
petition to assert the same claims against the same defendant [8] or (c) amending
the petition to add additional health care liability claims to those already
asserted against a particular defendant.[9] 
In each of these cases, however, courts in effect held that the statutory
deadline to serve the parties to a suit with expert reports concerning a
particular health care provider’s conduct is measured from the date that the
plaintiff first made that provider a defendant in a health care liability lawsuit. 


            Such cases are readily distinguishable
from the circumstances presented here.  It is undisputed
that Priester served CHCA with expert reports within 120 days after filing the
original petition in this, her original lawsuit against CHCA, and CHCA cites no
case in which a court has held that in amending section 74.351(a), the legislature
intended to require a claimant to serve expert reports to a health care
provider before the claimant has made the provider a party to any suit.  To the
contrary, even when a defendant health care provider has been added to a
pending suit by amendment of the petition, courts consistently have held that
expert reports as to the claims against that defendant must be filed
within 120 days after an amended petition first added that provider to the
case.  See, e.g., Daybreak Cmty. Servs., Inc. v. Cartrite,
No. 07-09-0370-CV, 2010 WL 3154335, at *6–7 (Tex. App.—Amarillo Aug. 10, 2010,
no pet.); Hayes v. Carroll, 314 S.W.3d 494, 501 (Tex. App.—Austin 2010,
no pet.); Stroud v. Grubb, No. 01-09-00945-CV, 2010 WL 1948282, at *3–4
(Tex. App.—Houston [1st Dist.] May 13, 2010, pet. filed); Arizpe v. Wilcox,
No. 04-09-00408-CV, 2010 WL 1708285, at *3 (Tex. App.—San Antonio Apr. 28,
2010, pet. filed) (mem. op.); Padre Behavioral Health Sys., LLC v. Chaney,
310 S.W.3d 78, 85 (Tex. App.—Corpus Christi 2010, no pet.); Osonma v. Smith,
No. 04-08-00841-CV, 2009 WL 1900404, at *2 (Tex. App.—San Antonio July 1, 2009,
pet. denied) (mem. op.).  The reasoning of those cases apply here with even more
force because the first pleading to assert claims against CHCA was also the
original petition in the case.  

            We overrule the sole issue presented in
this appeal and affirm the trial court’s ruling denying CHCA’s motion to
dismiss.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.









[1] After filing suit against
CHCA in district court, Priester nonsuited her claims against Ademolu in the
county civil court at law and amended her district court petition to add him as
a defendant.  There she reasserted her claims against Ademolu for assault and
intentional infliction of emotional distress, adding allegations that his
conduct was performed in the course and scope of his employment.  The expert
reports were served on Ademolu as well as CHCA, and no issues are presented to
us concerning the claims pending in the district court against him.





[2] The defendant may be
served directly or through counsel.  Id. 





[3] Act of June 2, 2003, 78th
Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875 (emphasis
added), amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635,
§ 1, 2005 Tex. Gen. Laws 1590, 1590 (eff. Sept. 1, 2005).





[4] In Steele, the plaintiffs
timely served expert reports on the defendants named in their original
petition.  Id. at 48.  They amended the petition to add Methodist
Charlton Medical Center as a defendant and served Methodist with expert reports
147 days after filing their original petition against the other defendants.  Id.
at 48–49.  Significantly, the timeliness of those reports was not at issue
in the appeal.  The plaintiffs then amended the petition a second time, adding
claims against all of the defendants 236 days after the original petition was
filed, but produced no further expert reports.  Id. at 49.  In reversing
the trial court’s denial of the defendants’ motion to dismiss the latest
claims, the Fifth Court of Appeals explained that although “[t]he plain
language of the statute . . . requires such a report for each health care
liability claim,” it was undisputed that the plaintiffs “failed to serve
expert reports on appellants with respect to those claims” added in their
second amended petition.  Id. at 50 (emphasis in original).  Thus, the
facts in Steele are distinguishable from those presented here. 
Moreover, the Steele court’s conclusion was not dependent on the 2005
amendment to section 74.351(a), as is illustrated by the fact that, in support
of its conclusion, the court cited section 74.351(b)—which was not amended in
2005—and cases decided under earlier versions of 74.351(a) as well as those
decided under the current version.  See id. (citing Poland v. Grigore,
249 S.W.3d 607, 613–14 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (former
version of section 74.351), Maxwell v. Seifert, 237 S.W.3d 423, 426
(Tex. App.—Houston [14th Dist.] 2007, pet. denied) (current version of section
74.351), and Puls v. Columbia Hosp. at Med. City Dallas, 92 S.W.3d 613,
617 (Tex. App.—Dallas 2002, pet. denied) (former version of section 74.351)).  





[5] The parties to that suit
agreed that Priester had not asserted health care liability claims against
Ademolu, and they entered a Rule 11 agreement that Ademolu would not raise any
failure to comply with the procedures prescribed in Chapter 74 as a defense to
the allegations in Priester’s petition.  See Tex. R. Civ. P. 11.





[6] In each Bill Analysis,
the respective authoring committee wrote,

            [T]here
has been some confusion regarding the timing of when an expert report is due on
a medical malpractice case.  Some have argued that the report is due 120 days
from the date of the statutory notice letter, instead of 120 days from the date
of the filing of the original petition. It was the intent of HB 4 that the
report be triggered by the filing of the lawsuit. 

            [The
amendment] clarifies the timing of when an expert report is due on a medical
malpractice case.





[7] See, e.g., Mokkala,
178 S.W.3d at 67; accord, White v. Baylor All Saints
Med. Ctr., No. 07-08-0023-CV, 2009 WL 1361612, at *1 (Tex. App.—Amarillo
2009, pet. denied) (mem. op.) (same); Runcie v. Foley, 274
S.W.3d 232, 235 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (same); Daughtery
v. Schiessler, 229 S.W.3d 773 (Tex. App.—Eastland 2007, no pet.) (same).  





[8] See Lone Star HMA,
L.P. v. Wheeler, 292 S.W.3d 812, 816 (Tex. App.—Dallas 2009, no
pet.).  In Lone Star, plaintiffs amended their petition twice before
they successfully served a particular defendant health care provider, and the
court held that difficulty in serving the defendant did not extend the deadline
to serve an expert report to the defendant.  Id.





[9] See Maxwell, 237
S.W.3d at 426.