Affirmed and Opinion filed October
28, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00241-CV



Kingwood
Specialty Hospital, Ltd. and Kingwood Specialty Hospital, Appellants 

v.

Ramona Barley, Appellee 



On Appeal from
the 333rd District Court

Harris County, Texas

Trial Court
Cause No. 2009-28026



 

OPINION

            Appellants,
Kingwood Specialty Hospital, Ltd. and Kingwood Specialty Hospital
(collectively, “Kingwood”), bring this interlocutory appeal from the trial
court’s denial of their motion to dismiss the medical malpractice claims of
appellee, Ramona Barley.  In two issues, Kingwood claims that the trial court
abused its discretion in denying their motion to dismiss.  We affirm the
judgment of the trial court.  

Background

            On
August 8, 2007, Ramona Barley was admitted into Kingwood Specialty Hospital for
a vaginal hysterectomy.  Gregory Beckner, M.D. performed the surgery and
released Barley two days after the surgery.  On August 12, 2007, Barley went to
Kingwood Medical Center complaining of abdominal pain, vaginal discharge, and a
foul smell.  Barley was in shock, septic, and suffering from respiratory
failure.  She required a tracheotomy and an emergency laparotomy to remove an
infected hematoma.  Barley’s left foot suffered from gangrene, ultimately
resulting in her left leg being amputated below the left knee.  

            Barley
filed her original petition on May 4, 2009, naming Dr. Beckner as the sole
defendant.[1] 
On October 12, 2009, Barley filed her second amended petition naming Kingwood as
defendant.[2] 
Barley served the expert reports and curricula vitae of Akash G. Bhagat, D.O.
and Susan D. Owens, R.N., CNOR, RNFA, LNC on Kingwood on February 9, 2010, via
certified mail.  On February 17, 2010, Kingwood objected to Barley’s expert
reports as untimely and inadequate, and filed their motion to dismiss on March
1, 2010.  Barley filed her motion to overrule Kingwood’s objections on March 3,
2010, and response to the motion to dismiss on March 5, 2010.  The trial court
signed the orders granting Barley’s motion to overrule Kingwood’s objections
and denying Kingwood’s motion to dismiss on March 5, 2010.  

            In
two issues, Kingwood claims that the trial court abused its discretion in
denying its motion to dismiss because Barley’s expert reports were not served
timely and are not adequate.  

Analysis

Timeliness
of the Expert Reports

            In
its first issue, Kingwood argues that the expert reports and curricula vitae of
Dr. Bhagat and Owens were not served timely because she did not serve them on
Kingwood until 283 days after she filed her original petition.  Because Barley
filed her original petition on May 4, 2010, Kingwood contends that the 120th
day for filing her expert reports was September 1, 2009.  Barley responds that
the 120-day deadline as to Kingwood was triggered by the filing of her second
amended petition on October 12, 2009, in which she first named Kingwood as
defendant and, therefore, service of her expert reports on it on February 9,
2010, was timely.  This court recently held that when a defendant health care
provider has been added to a pending suit by amendment of the petition, the
120-day deadline for serving an expert report runs from the date of filing of the
first petition naming that particular health care provider.  See CHCA W.
Houston, L.P. v. Priester, No. 14-09-01077-CV, 2010 WL 3917067, at *3 (Tex.
App.—Houston [14th Dist.] Oct. 7, 2010, no pet. h.).  Several other courts of
appeals have also addressed this issue, reaching the same conclusion.[3]  

            Section
74.351 of the Civil Practice and Remedies Code requires a health care liability
claimant to provide the defendant with an expert report within 120 days after
filing the petition.  Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a) (West Supp. 2009).  Section 74.351(a)
provides:

In a health care liability claim, a claimant shall, not
later than the 120th day after the date the original petition was filed, serve
on each party or the party's attorney one or more expert reports, with a
curriculum vitae of each expert listed in the report for each physician or
health care provider against whom a liability claim is asserted.  

Id.
 If the plaintiff does not serve a defendant within 120 days of filing the
original petition, the trial court shall dismiss the claim against the
particular defendant with prejudice.  Id. § 74.351(b).  

            A
trial court’s ruling on a motion to dismiss based on whether an expert report
was served timely is reviewed for an abuse of discretion.  Jernigan v.
Langley, 195 S.W.3d 91, 93 (Tex. 2006) (per curiam).  A trial court abuses
its discretion if it acts in an arbitrary or unreasonable manner or without
reference to any guiding rules or principles.  Bowie Mem’l Hosp. v. Wright,
79 S.W.3d 48, 52 (Tex. 2002) (per curiam).  Though we may not substitute our
judgment for that of the trial court, the trial court has no discretion in
determining what the law is or applying the law to the facts.  Id.; Methodist
Hosp. v. Shepherd-Sherman, 296 S.W.3d 193, 197 (Tex. App.—Houston [14th
Dist.] 2009, no pet.).  

            The
court’s objective in construing a statute is to give effect to the Legislature’s
intent in enacting it.  City of Dallas v. Abbott, 304 S.W.3d 380, 384
(Tex. 2010).  A court construes a statute first by looking to the plain and
common meaning of the statute’s words.  Harris County Hosp. Dist. v. Tomball
Reg’l Hosp., 283 S.W.3d 838, 842 (Tex. 2009); see also Tex. Civ. Prac. & Rem. Code Ann. §
74.001(b) (West 2005) (“Any legal term or word of art used in this chapter, not
otherwise defined in this chapter, shall have such meaning as is consistent
with the common law.”).  We determine legislative intent from the statute as a
whole, not from isolated portions.  Harris County Hosp. Dist., 283
S.W.3d at 842.  We presume that the Legislature intended all provisions of a
statute to be effective, and that it intended a just and reasonable result.  Abbott,
304 S.W.3d at 384.  

            Before
the Legislature amended section 74.351 in 2005, section 74.351(a) required the
plaintiff to serve the expert report within 120 days after filing a health care
liability claim.  See Act of June 11, 2003, 78th Leg. R.S., ch. 204, §
10.01, 2003 Tex. Gen. Laws 847, 875 (amended 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)). 
Section 74.351(a) was amended to require expert reports to be filed not later
than 120 day of filing the “original petition” rather than the filing of a
“claim” to clarify the timing of when an expert report is due.  Methodist
Charlton Med. Ctr. v. Steele, 274 S.W.3d 47, 50 (Tex. App.—Dallas 2008,
pet. denied).  The Legislature rationalized the change as follows:

“Since the passage of House Bill 4 in the 78th Session,
there has been some confusion regarding the timing of when an expert report is
due on a medical malpractice case.  Some have argued that the report is due 120
days from the date of the statutory notice letter, instead of 120 days from the
date of the filing of the original petition.  It was the intent of HB 4 that
the report be triggered by the filing of the lawsuit.”

Stroud,
2010 WL 1948282, at *3 (quoting House Comm. on Civil Practices, Bill Analysis,
Tex. H.B. 2645, 79th Leg., R.S. (2005)).  

            To
determine whether the Legislature intended to limit the expert report window to
the 120 days after the first-filed petition, we must read the term “original
petition” in the context of the remainder of the statute.  Id.  Section
74.351(a) prefaces the 120-day expert report requirement by stating “‘[i]n a
health care liability claim.’”  Id. (quoting Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)).  A “health
care liability claim” is defined as “‘a cause of action against a health care
provider or physician for treatment, lack of treatment, or other claimed
departure from accepted standards of medical care, or health care, or safety or
professional or administrative services directly related to health care, which
proximately results in injury to or death of a claimant.’”  Id. (quoting
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.001(a)(13)).  When reading section 74.351(a) as a whole, the expert report
requirement is not triggered until the claimant files a cause of action naming
a particular physician; it is only then that defendant becomes a “party” to a
suit involving a health care liability claim.  Id.[4]

            Additionally,
interpreting the term “original petition” as the first petition in a lawsuit
regardless of who is named as a defendant in that petition generates an
untenable practical problem.  Hayes, 314 S.W.3d at 501.  If the 120-day
deadline runs from the filing of first petition in a lawsuit regardless of who
is named as a defendant, a plaintiff could never add another physician or
health care provider as a defendant beyond 120 days of the filing because the
plaintiff would never be able to serve an expert report as to that defendant in
a timely fashion.  Id.[5] 
This would effectively function as a de facto statute of limitations or statute
of repose on any further claims against unjoined parties even if the claims
against those parties are unknown or undiscoverable at the time of the filing
of the initial petition against known defendants.  Id.  It would also
create the potential for unreasonable or unjust results in cases where a
plaintiff has no reason to know of viable claims against a party until more
than 120 days have run from the filing of claims against other parties.  Id. 


            Kingwood
relies on this court’s opinion in Maxwell v. Seifert as requiring Barley
to have served her expert reports on them within 120 days of filing the
original petition on May 4, 2009.  See 237 S.W.3d 423 (Tex. App.—[14th
Dist.] 2008, pet. denied).  However, Maxwell is distinguishable.  In Maxwell,
the defendant physician filed a motion to dismiss based on Maxwell’s failure to
serve the expert report timely.  Id. at 425.  The day before the hearing
on the motion to dismiss, Maxwell amended her petition, adding two additional
claims for failure to disclose risks and res ipsa loquitor.  Id. 
Maxwell argued that adding the failure-to-disclose-risks claim was a distinct
health care liability claim from the original negligence claim regarding the
performance of the procedure, and a new 120-day time line to file an expert
report with regard to her new claim began when she amended her petition.  Id.
at 426.  We held that Maxwell did not file her expert report within 120 days
after her original petition was filed, and she did not gain an additional 120
days in which to serve an expert report upon the filing of her amended
petition.  Id.  Maxwell involved the addition of a new claim in
an amended petition against a party who was already a defendant in the suit,
rather than the naming of new defendants and, therefore, is inapplicable to
this case.  

            Kingwood
contends that adopting this interpretation of “original petition” permits
piecemeal litigation and creates unwarranted expense for the health care
provider where, after a healthcare provider defendant is deposed, an amended
petition names other healthcare provider defendants, requiring that the healthcare
provider defendant be deposed again.  However, discovery in a medical
malpractice case is stayed except for the limited discovery permitted by
sections 74.351(s) and (u).  Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(s), (u); In re Lumsden, 291
S.W.3d 456, 459 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).  When
a healthcare defendant challenges the adequacy of an expert report in the
appellate court, the report is not adequate and, therefore, not served until
the court of appeals determines that it is adequate.  Id. at 460. 
Discovery is stayed as to all health care defendants until final judicial
determination that an expert report is adequate.  Id. at 461.  Barley
states that a discovery stay is in place in this case and that no depositions
have been taken, which Kingwood does not dispute; only after a determination
from this court regarding the trial court’s ruling on Kingwood’s motion to
dismiss will the discovery stay be lifted.[6] 


            We
hold that the 120-day deadline for serving expert report on Kingwood did not
begin to run until Barley had filed her second amended petition naming it as
defendant.  Therefore, Kingwood’s first issue is overruled.  

Adequacy
of the Expert Reports

            In
its second issue, Kingwood claims Barley’s expert reports do not meet the
requirements of Chapter 74 because they did not provide the trial court with a
reliable basis on which to rule that Barley’s claims have merit.  A defendant
may file a motion challenging the adequacy of the expert’s report, and the
trial court “shall grant” the motion if it appears that the report does not
represent a good faith effort to comply with the statutory requirements.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a), (l).  A sufficient expert report must provide a fair summary
of the expert’s opinions regarding the applicable standard of care, the manner
in which the care provided failed to meet that standard, and the causal
relationship between that breach and the injury, harm, or damages claimed.  Id.
§ 74.351(r)(6); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,
46 S.W.3d 873, 878–79 (Tex. 2001).  In providing the expert’s opinion on these
elements, the claimant need not marshal his evidence or present sufficient
evidence to avoid summary judgment.  Palacios, 46 S.W.3d at 878; Methodist
Hosp., 296 S.W.3d at 197.  Rather, the report must provide enough
information to fulfill two purposes:  (1) to inform the defendant of the
specific conduct the plaintiff has called into question and (2) to provide a
basis for the trial court to conclude the claims have merit.  Palacios,
46 S.W.3d at 879; Gannon v. Wyche, No. 14-09-00624-CV, 2010 WL 3409449, at
*6 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, no pet. h.).  We review a
trial court’s ruling on the adequacy of an expert report and a motion to
dismiss based on a failure to meet the expert report requirement for an abuse
of discretion.  Palacios, 46 S.W.3d at 877; Methodist Hosp., 296
S.W.3d at 197.  

            Kingwood
contends that the expert reports misstate the operative facts affecting the
standard of care, breach of the standard of care, proximate cause, and damages
and, therefore, did not provide the trial court with a reliable basis for
concluding that Barley’s claims have merit.  The experts stated or implied in
their reports that they reviewed the Kingwood Specialty Hospital and Kingwood
Medical Center records.  Kingwood submitted the medical records relied upon by
the experts to the trial court with its motion to dismiss, arguing that the
experts’ review of the medical records opened the door to allow Kingwood to
inquire into whether the medical records actually constitute a factual basis
supporting the expert opinion, and to the court’s review of the medical
records.  Kingwood asked the trial court to take notice of the specific medical
facts contained in the records affecting the standard of care, breach,
proximate cause, and damages.  Kingwood argues the trial court had an
opportunity to examine the medical records and erred in not doing so.  Kingwood
similarly asks this court to take notice of the specific medical facts
contained in the records that were brought to the trial court’s attention.  

            Kingwood
relies on Baptist Hospitals of Southeast Texas v. Carter in support of
its contention that the trial court should have reviewed the medical records.  See
No. 09-08-067-CV, 2008 WL 2917109 (Tex. App.—Beaumont July 31, 2008, no pet.)
(mem. op.).  In Carter, the hospital introduced copies of the operative
reports at the hearing on its objections to the plaintiff’s expert report.  Id.
at *3.  The court of appeals rejected the plaintiff’s argument that the trial
court was limited to the four corners of the expert report in assessing whether
it constituted a fair summary of the expert’s opinion.  Id. at *3 n.4. 
The court of appeals agreed with the hospital’s position that the records
reviewed by the expert were relevant to the determination of whether the report
adequately related the facts to the expert’s opinion about causation, and
reviewed the same records presented to the trial court.  Id.  

            In
Collini v. Pustejovsky, the defendant relied on Carter in
requesting that the court of appeals review the medical records, claiming that
the records demonstrated inconsistencies with the factual statements contained
in the expert report.  See 280 S.W.3d 456, 462 n.4 (Tex. App.—Fort Worth
2009, pet. denied).  The Fort Worth Court of Appeals disagreed with Carter,
and instead relied on the supreme court’s decisions in Palacios and Bowie
Memorial Hospital in limiting its “review of the report’s adequacy at this
preliminary stage in the proceedings to the specific information and
allegations contained within it.”  Id.[7] 
Recently, this court similarly rejected the reasoning in Carter because
it is contrary to the supreme court’s instruction in Palacios and Bowie
that the inquiry regarding the adequacy of an expert report is limited to the
four corners of the report.  See Gannon, 2010 WL 3409449, at *8 n.5. 
Therefore, both the trial court and this court are limited to considering the
four corners of the expert reports in any determination of the adequacy of the
reports.[8]
 Kingwood’s second issue is overruled.

Conclusion

The trial court did
not abuse its discretion in denying Kingwood’s motion to dismiss. [9]  Having
overruled all of Kingwood’s issues, we affirm the judgment of the trial court. 


                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Sullivan.









[1]
Barley filed her first amended petition on July 29, 2009, without adding any
new defendants.





[2]
Barley also named Memorial Hermann Specialty Hospital Kingwood, LLC as a
defendant.  However, Memorial Hermann was nonsuited March 4, 2010.





[3]
See, e.g., Daybreak Cmty. Servs., Inc. v. Cartrite, No.
07-09-370-CV, 2010 WL 3154335 (Tex. App.—Amarillo Aug. 10, 2010, no pet.); Stroud
v. Grubb, No. 01-09-00945-CV, 2010 WL 1948282 (Tex. App.—Houston [1st
Dist.] May 13, 2010, pet. filed); Hayes v. Carroll, 314 S.W.3d 494 (Tex.
App.—Austin 2010, no pet.); Padre Behavioral Health Sys., LLC v. Chaney,
310 S.W.3d 78 (Tex. App.—Corpus Christi 2010, no pet.); Arizpe v. Wilcox,
No. 04-09-00408-CV, 2010 WL 1708285 (Tex. App.—San Antonio Apr. 28, 2010, pet.
denied) (mem. op.); Osonma v. Smith, No. 04-08-00841-CV, 2009 WL 1900404
(Tex. App.—San Antonio July 1, 2009, pet. denied) (mem. op.).





[4]
See also Hayes, 314 S.W.3d at 500–01 (“[A] construction of section
74.351(a) that interprets the term ‘original petition’ as being the first
document filed in a case that brings a claim against a defendant or constitutes
the filing of a lawsuit against a defendant is consistent with the available
legislative history on the issue.”); Padre Behavioral Health Sys., LLC,
310 S.W.3d at 85 (holding 120-day period is triggered by first-filed petition
naming defendant physician or health care provider); Daybreak Cmty. Servs.,
Inc., 2010 WL 2010 WL 3154335, at *7 (holding, because defendant was served
within 120 days of first-filed petition naming it as defendant, trial court did
not abuse its discretion in denying motion to dismiss base on untimely expert
report); Osonma, 2009 WL 1900404, at *2 (holding section 74.351(a)’s
requirement that plaintiff serve expert report explaining each defendant
physician’s or health care provider’s liability within 120 days from filing of
original petition does not necessarily refer to first-filed petition in
lawsuit; instead, it refers to first-filed petition naming that defendant
physician or health care provider as party to lawsuit).





[5]
See also Osonma, 2009 WL 1900404, at *2 (adopting defendants’
interpretation would lead to absurd results: “after more than 120 days after
filing a lawsuit, even if the statute of limitations period had not expired, a
plaintiff could never add another physician or health care provider as a
defendant because she would never be able to timely serve an expert report on
such a defendant”); Stroud, 2010 WL 1948282, at *4 (adopting defendant’s
interpretation would have practical effect of prohibiting claimant from adding
additional defendants more than 120 days after filing initial petition, even if
statute of limitations has not expired).





[6]
Moreover, holding that the 120-day deadline does not begin to run until the
petition naming the particular health care defendant does not “frustrate[] the
legislature’s purpose to ‘remove unwarranted delay and expense, to accelerate
the disposition of non-meritorious cases, and to give hard-and-fast deadlines
for the serving of expert reports’ so long as each affected physician or health
care provider, in a health care liability claim, is provided an expert report,
delineating the applicable standard of care, how that standard of care was
breached, and how the breach of the standard of care, proximately caused the
injuries sustained, within 120 days of the claimant’s lawsuit against the
particular defendant.”  Padre Behavioral Health Sys., LLC, 310 S.W.3d at
85.  





[7]
See Bowie Mem’l Hosp., 79 S.W.3d at 52 (“The trial court should look no
further than the report itself, because all the information relevant to the
inquiry is contained within the document’s four corners.”); Palacios, 46
S.W.3d at 878 (“Because the statute focuses on what the report discusses, the
only information relevant to the inquiry is within the four corners of the
document.”).





[8]
See also Maris v. Hendricks, 262 S.W.3d 379, 386 (Tex. App.—Fort Worth
2008, pet. denied) (holding that physician’s assistant could not rely on
excerpts of expert’s deposition testimony to establish that expert was not
qualified to provide expert testimony because such excerpts were not included
within four corners of report); Mem’l Hermann Healthcare Sys. v. Burrell,
230 S.W.3d 755, 758 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (refusing to
consider expert’s deposition testimony because court’s analysis of
qualifications of expert under section 74.351 was limited to four corners of
expert’s report and curriculum vitae); In re Windisch, 138 S.W.3d 507,
511 (Tex. App.—Amarillo 2004, orig. proceeding) (refusing to take hearing
record or expert’s testimony into account in determining expert’s
qualifications to provide expert report).  





[9]
In its motion to dismiss, Kingwood raised specific objections to Barley’s
expert reports related to purported misstatements of facts and omissions
regarding the medical records.  However, Kingwood has not raised or briefed
those specific objections in this appeal.  In any event, our review of the
adequacy of the expert reports in this interlocutory appeal is limited to the
four corners of the expert reports.