KINGWOOD SPECIALTY HOSPITAL,
LTD. and Kingwood Specialty
Hospital, Appellants,

v.

Ramona BARLEY, Appellee.

No. 14–10–00241–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 2010.

James B. Edwards, R. Gregg Byrd, Stafford, for appellants.

Randall O. Sorrels, Houston, D. Bowen Berry, Andrew Scott Leibowitz, Dallas, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and SULLIVAN.

1. Barley filed her first amended petition on July 29, 2009, without adding any new defendants.

## OPINION

LESLIE B. YATES, Justice.

Appellants, Kingwood Specialty Hospital, Ltd. and Kingwood Specialty Hospital (collectively, "Kingwood"), bring this interlocutory appeal from the trial court's denial of their motion to dismiss the medical malpractice claims of appellee, Ramona Barley. In two issues, Kingwood claims that the trial court abused its discretion in denying their motion to dismiss. We affirm the judgment of the trial court.

### BACKGROUND

On August 8, 2007, Ramona Barley was admitted into Kingwood Specialty Hospital for a vaginal hysterectomy. Gregory Beckner, M.D. performed the surgery and released Barley two days after the surgery. On August 12, 2007, Barley went to Kingwood Medical Center complaining of abdominal pain, vaginal discharge, and a foul smell. Barley was in shock, septic, and suffering from respiratory failure. She required a tracheotomy and an emergency laparotomy to remove an infected hematoma. Barley's left foot suffered from gangrene, ultimately resulting in her left leg being amputated below the left knee.

Barley filed her original petition on May 4, 2009, naming Dr. Beckner as the sole defendant.[1] On October 12, 2009, Barley filed her second amended petition naming Kingwood as defendant.[2] Barley served the expert reports and curricula vitae of Akash G. Bhagat, D.O. and Susan D. Owens, R.N., CNOR, RNFA, LNC on Kingwood on February 9, 2010, via certified mail. On February 17, 2010, Kingwood

2. Barley also named Memorial Hermann Specialty Hospital Kingwood, LLC as a defendant. However, Memorial Hermann was nonsuited March 4, 2010.

objected to Barley's expert reports as untimely and inadequate, and filed their motion to dismiss on March 1, 2010. Barley filed her motion to overrule Kingwood's objections on March 3, 2010, and response to the motion to dismiss on March 5, 2010. The trial court signed the orders granting Barley's motion to overrule Kingwood's objections and denying Kingwood's motion to dismiss on March 5, 2010.

In two issues, Kingwood claims that the trial court abused its discretion in denying its motion to dismiss because Barley's expert reports were not served timely and are not adequate.

## ANALYSIS

### Timeliness of the Expert Reports

■ In its first issue, Kingwood argues that the expert reports and curricula vitae of Dr. Bhagat and Owens were not served timely because she did not serve them on Kingwood until 283 days after she filed her original petition. Because Barley filed her original petition on May 4, 2010, Kingwood contends that the 120th day for filing her expert reports was September 1, 2009. Barley responds that the 120-day deadline as to Kingwood was triggered by the filing of her second amended petition on October 12, 2009, in which she first named Kingwood as defendant and, therefore, service of her expert reports on it on February 9, 2010, was timely. This court recently held that when a defendant health care provider has been added to a pending suit by amendment of the petition, the 120-day deadline for serving an expert report runs from the date of filing of the first petition

naming that particular health care provider. *See CHCA W. Houston, L.P. v. Priester*, No. 14-09-01077-CV, 2010 WL 3917067, at *3 (Tex.App.-Houston [14th Dist.] Oct. 7, 2010, no pet. h.). Several other courts of appeals have also addressed this issue, reaching the same conclusion.[3]

Section 74.351 of the Civil Practice and Remedies Code requires a health care liability claimant to provide the defendant with an expert report within 120 days after filing the petition. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp.2009). Section 74.351(a) provides:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

*Id.* If the plaintiff does not serve a defendant within 120 days of filing the original petition, the trial court shall dismiss the claim against the particular defendant with prejudice. *Id.* § 74.351(b).

■ A trial court's ruling on a motion to dismiss based on whether an expert report was served timely is reviewed for an abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex.2006) (per curiam). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex.2002) (per curiam).

**3.** *See, e.g., Daybreak Cmty. Servs., Inc. v. Cartrite*, 320 S.W.3d 865 (Tex.App.-Amarillo 2010, no pet.); *Stroud v. Grubb*, 328 S.W.3d 561 (Tex.App.-Houston [1st Dist.] 2010, pet. filed); *Hayes v. Carroll*, 314 S.W.3d 494 (Tex. App.-Austin 2010, no pet.); *Padre Behavioral Health Sys., LLC v. Chaney*, 310 S.W.3d 78 (Tex.App.-Corpus Christi 2010, no pet.); *Arizpe v. Wilcox*, No. 04-09-00408-CV, 2010 WL 1708285 (Tex.App.-San Antonio Apr. 28, 2010, pet. denied) (mem. op.); *Osonma v. Smith*, No. 04-08-00841-CV, 2009 WL 1900404 (Tex.App.-San Antonio July 1, 2009, pet. denied) (mem. op.).

Though we may not substitute our judgment for that of the trial court, the trial court has no discretion in determining what the law is or applying the law to the facts. *Id.; Methodist Hosp. v. Shepherd–Sherman,* 296 S.W.3d 193, 197 (Tex.App.-Houston [14th Dist.] 2009, no pet.).

The court's objective in construing a statute is to give effect to the Legislature's intent in enacting it. *City of Dallas v. Abbott,* 304 S.W.3d 380, 384 (Tex.2010). A court construes a statute first by looking to the plain and common meaning of the statute's words. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 842 (Tex.2009); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(b) (West 2005) ("Any legal term or word of art used in this chapter, not otherwise defined in this chapter, shall have such meaning as is consistent with the common law."). We determine legislative intent from the statute as a whole, not from isolated portions. *Harris County Hosp. Dist.,* 283 S.W.3d at 842. We presume that the Legislature intended all provisions of a statute to be effective, and that it intended a just and reasonable result. *Abbott,* 304 S.W.3d at 384.

Before the Legislature amended section 74.351 in 2005, section 74.351(a) required the plaintiff to serve the expert report within 120 days after filing a health care liability claim. *See* Act of June 11, 2003, 78th Leg. R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875 (amended 2005) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a)). Section 74.351(a) was amended to require expert reports to be filed not later than 120 day of filing the "original petition" rather than the filing of a "claim" to clarify the timing of when an expert report is due. *Methodist Charlton Med. Ctr. v. Steele,* 274 S.W.3d 47, 50 (Tex.App.-Dallas 2008, pet. denied). The Legislature rationalized the change as follows:

"Since the passage of House Bill 4 in the 78th Session, there has been some confusion regarding the timing of when an expert report is due on a medical malpractice case. Some have argued that the report is due 120 days from the date of the statutory notice letter, instead of 120 days from the date of the filing of the original petition. It was the intent of HB 4 that the report be triggered by the filing of the lawsuit."

*Stroud,* 328 S.W.3d at 564 (quoting House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 2645, 79th Leg., R.S. (2005)).

To determine whether the Legislature intended to limit the expert report window to the 120 days after the first-filed petition, we must read the term "original petition" in the context of the remainder of the statute. *Id.* Section 74.351(a) prefaces the 120–day expert report requirement by stating " '[i]n a health care liability claim.' " *Id.* (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a)). A "health care liability claim" is defined as " 'a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant.' " *Id.* (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13)). When reading section 74.351(a) as a whole, the expert report requirement is not triggered until the claimant files a cause of action naming a particular physician; it is only then that defendant becomes a "party" to a suit involving a health care liability claim. *Id.*[4]

---

4. *See also Hayes,* 314 S.W.3d at 500–01 ("[A]

construction of section 74.351(a) that inter-

Additionally, interpreting the term "original petition" as the first petition in a lawsuit regardless of who is named as a defendant in that petition generates an untenable practical problem. *Hayes,* 314 S.W.3d at 501. If the 120–day deadline runs from the filing of first petition in a lawsuit regardless of who is named as a defendant, a plaintiff could never add another physician or health care provider as a defendant beyond 120 days of the filing because the plaintiff would never be able to serve an expert report as to that defendant in a timely fashion. *Id.*[5] This would effectively function as a de facto statute of limitations or statute of repose on any further claims against unjoined parties even if the claims against those parties are unknown or undiscoverable at the time of the filing of the initial petition against known defendants. *Id.* It would also create the potential for unreasonable or unjust results in cases where a plaintiff has no reason to know of viable claims against a party until more than 120 days have run from the filing of claims against other parties. *Id.*

Kingwood relies on this court's opinion in *Maxwell v. Seifert* as requiring Barley

to have served her expert reports on them within 120 days of filing the original petition on May 4, 2009. *See* 237 S.W.3d 423 (Tex.App.[14th Dist] 2008, pet. denied). However, *Maxwell* is distinguishable. In *Maxwell,* the defendant physician filed a motion to dismiss based on Maxwell's failure to serve the expert report timely. *Id.* at 425. The day before the hearing on the motion to dismiss, Maxwell amended her petition, adding two additional claims for failure to disclose risks and *res ipsa loquitur. Id.* Maxwell argued that adding the failure-to-disclose-risks claim was a distinct health care liability claim from the original negligence claim regarding the performance of the procedure, and a new 120–day time line to file an expert report with regard to her new claim began when she amended her petition. *Id.* at 426. We held that Maxwell did not file her expert report within 120 days after her original petition was filed, and she did not gain an additional 120 days in which to serve an expert report upon the filing of her amended petition. *Id. Maxwell* involved the addition of a new claim in an amended petition against a party who was already a defendant in the suit, rather than the nam-

prets the term 'original petition' as being the first document filed in a case that brings a claim against a defendant or constitutes the filing of a lawsuit against a defendant is consistent with the available legislative history on the issue."); *Padre Behavioral Health Sys., LLC,* 310 S.W.3d at 85 (holding 120–day period is triggered by first-filed petition naming defendant physician or health care provider); *Daybreak Cmty. Servs., Inc.,* 320 S.W.3d at 872–73 (holding, because defendant was served within 120 days of first-filed petition naming it as defendant, trial court did not abuse its discretion in denying motion to dismiss base on untimely expert report); *Osonma,* 2009 WL 1900404, at *2 (holding section 74.351(a)'s requirement that plaintiff serve expert report explaining each defendant physician's or health care provider's liability within 120 days from filing of original peti-

tion does not necessarily refer to first-filed petition in lawsuit; instead, it refers to first-filed petition naming that defendant physician or health care provider as party to lawsuit).

5. *See also Osonma,* 2009 WL 1900404, at *2 (adopting defendants' interpretation would lead to absurd results: "after more than 120 days after filing a lawsuit, even if the statute of limitations period had not expired, a plaintiff could never add another physician or health care provider as a defendant because she would never be able to timely serve an expert report on such a defendant"); *Stroud,* 328 S.W.3d 561 (adopting defendant's interpretation would have practical effect of prohibiting claimant from adding additional defendants more than 120 days after filing initial petition, even if statute of limitations has not expired).

ing of new defendants and, therefore, is inapplicable to this case.

█ Kingwood contends that adopting this interpretation of "original petition" permits piecemeal litigation and creates unwarranted expense for the health care provider where, after a healthcare provider defendant is deposed, an amended petition names other healthcare provider defendants, requiring that the healthcare provider defendant be deposed again. However, discovery in a medical malpractice case is stayed except for the limited discovery permitted by sections 74.351(s) and (u). Tex. Civ. Prac. & Rem.Code Ann. § 74.351(s), (u); *In re Lumsden*, 291 S.W.3d 456, 459 (Tex.App.-Houston [14th Dist.] 2009, orig. proceeding). When a healthcare defendant challenges the adequacy of an expert report in the appellate court, the report is not adequate and, therefore, not served until the court of appeals determines that it is adequate. *Id.* at 460. Discovery is stayed as to all health care defendants until final judicial determination that an expert report is adequate. *Id.* at 461. Barley states that a discovery stay is in place in this case and that no depositions have been taken, which Kingwood does not dispute; only after a determination from this court regarding the trial court's ruling on Kingwood's motion to dismiss will the discovery stay be lifted.[6]

We hold that the 120–day deadline for serving expert report on Kingwood did not begin to run until Barley had filed her second amended petition naming it as de-

fendant. Therefore, Kingwood's first issue is overruled.

## Adequacy of the Expert Reports

█ In its second issue, Kingwood claims Barley's expert reports do not meet the requirements of Chapter 74 because they did not provide the trial court with a reliable basis on which to rule that Barley's claims have merit. A defendant may file a motion challenging the adequacy of the expert's report, and the trial court "shall grant" the motion if it appears that the report does not represent a good faith effort to comply with the statutory requirements. Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a), (*l*). A sufficient expert report must provide a fair summary of the expert's opinions regarding the applicable standard of care, the manner in which the care provided failed to meet that standard, and the causal relationship between that breach and the injury, harm, or damages claimed. *Id.* § 74.351(r)(6); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878–79 (Tex.2001). In providing the expert's opinion on these elements, the claimant need not marshal his evidence or present sufficient evidence to avoid summary judgment. *Palacios*, 46 S.W.3d at 878; *Methodist Hosp.*, 296 S.W.3d at 197. Rather, the report must provide enough information to fulfill two purposes: (1) to inform the defendant of the specific conduct the plaintiff has called into question and (2) to provide a basis for the trial court to conclude the claims have merit. *Palacios*, 46 S.W.3d at 879; *Gan-*

---

6. Moreover, holding that the 120–day deadline does not begin to run until the petition naming the particular health care defendant does not "frustrate[ ] the legislature's purpose to 'remove unwarranted delay and expense, to accelerate the disposition of non-meritorious cases, and to give hard-and-fast deadlines for the serving of expert reports' so long as each affected physician or health care provider, in

a health care liability claim, is provided an expert report, delineating the applicable standard of care, how that standard of care was breached, and how the breach of the standard of care, proximately caused the injuries sustained, within 120 days of the claimant's lawsuit against the particular defendant." *Padre Behavioral Health Sys., LLC*, 310 S.W.3d at 85.

*non v. Wyche,* 321 S.W.3d 881, 888–89 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.). We review a trial court's ruling on the adequacy of an expert report and a motion to dismiss based on a failure to meet the expert report requirement for an abuse of discretion. *Palacios,* 46 S.W.3d at 877; *Methodist Hosp.,* 296 S.W.3d at 197.

▮ Kingwood contends that the expert reports misstate the operative facts affecting the standard of care, breach of the standard of care, proximate cause, and damages and, therefore, did not provide the trial court with a reliable basis for concluding that Barley's claims have merit. The experts stated or implied in their reports that they reviewed the Kingwood Specialty Hospital and Kingwood Medical Center records. Kingwood submitted the medical records relied upon by the experts to the trial court with its motion to dismiss, arguing that the experts' review of the medical records opened the door to allow Kingwood to inquire into whether the medical records actually constitute a factual basis supporting the expert opinion, and to the court's review of the medical records. Kingwood asked the trial court to take notice of the specific medical facts contained in the records affecting the standard of care, breach, proximate cause, and damages. Kingwood argues the trial court had an opportunity to examine the medical records and erred in not doing so. Kingwood similarly asks this court to take notice of the specific medical facts contained in the records that were brought to the trial court's attention.

Kingwood relies on *Baptist Hospitals of Southeast Texas v. Carter* in support of its contention that the trial court should have reviewed the medical records. *See* No. 09–08–067–CV, 2008 WL 2917109 (Tex. App.-Beaumont July 31, 2008, no pet.) (mem. op.). In *Carter,* the hospital introduced copies of the operative reports at the hearing on its objections to the plaintiff's expert report. *Id.* at *3. The court of appeals rejected the plaintiff's argument that the trial court was limited to the four corners of the expert report in assessing whether it constituted a fair summary of the expert's opinion. *Id.* at *3 n. 4. The court of appeals agreed with the hospital's position that the records reviewed by the expert were relevant to the determination of whether the report adequately related the facts to the expert's opinion about causation, and reviewed the same records presented to the trial court. *Id.*

In *Collini v. Pustejovsky,* the defendant relied on *Carter* in requesting that the court of appeals review the medical records, claiming that the records demonstrated inconsistencies with the factual statements contained in the expert report. *See* 280 S.W.3d 456, 462 n. 4 (Tex.App.-Fort Worth 2009, pet. denied). The Fort Worth Court of Appeals disagreed with *Carter,* and instead relied on the supreme court's decisions in *Palacios* and *Bowie Memorial Hospital* in limiting its "review of the report's adequacy at this preliminary stage in the proceedings to the specific information and allegations contained within it." *Id.*[7] Recently, this court similarly rejected the reasoning in *Carter* because it is contrary to the supreme court's instruction in *Palacios* and *Bowie* that the inquiry regarding the adequacy of an expert report is limited to the four corners of

7. *See Bowie Mem'l Hosp.,* 79 S.W.3d at 52 ("The trial court should look no further than the report itself, because all the information relevant to the inquiry is contained within the document's four corners."); *Palacios,* 46 S.W.3d at 878 ("Because the statute focuses on what the report discusses, the only information relevant to the inquiry is within the four corners of the document.").

the report. *See Gannon*, 321 S.W.3d at 890–92 n. 5. Therefore, both the trial court. and this court are limited to considering the four corners of the expert reports in any determination of the adequacy of the reports.[8] Kingwood's second issue is overruled.

### CONCLUSION

The trial court did not abuse its discretion in denying Kingwood's motion to dismiss.[9] Having overruled all of Kingwood's issues, we affirm the judgment of the trial court.

---

8. *See also Maris v. Hendricks*, 262 S.W.3d 379, 386 (Tex.App.-Fort Worth 2008, pet. denied) (holding that physician's assistant could not rely on excerpts of expert's deposition testimony to establish that expert was not qualified to provide expert testimony because such excerpts were not included within four corners of report); *Mem'l Hermann Healthcare Sys. v. Burrell*, 230 S.W.3d 755, 758 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (refusing to consider expert's deposition testimony because court's analysis of qualifications of expert under section 74.351 was limited to four corners of expert's report and curriculum vitae); *In re Windisch*, 138 S.W.3d 507, 511 (Tex.App.-Amarillo 2004, orig. proceeding) (refusing to take hearing record or expert's testimony into account in determining expert's qualifications to provide expert report).

9. In its motion to dismiss, Kingwood raised specific objections to Barley's expert reports related to purported misstatements of facts and omissions regarding the medical records. However, Kingwood has not raised or briefed those specific objections in this appeal. In any event, our review of the adequacy of the expert reports in this interlocutory appeal is limited to the four corners of the expert reports.