**Reversed and Rendered in Part and Remanded in Part and Opinion filed October 20, 2011**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00141-CV

---

### LUZ VELANDIA, DMD, INDIVIDUALLY AND D/B/A AMIGOS DENTAL, Appellant

### V.

### CARLOS CONTRERAS, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2009-76554**

---

## O P I N I O N

In this accelerated, interlocutory appeal, appellant Luz Velandia, DMD, individually and d/b/a Amigos Dental, contends the trial court abused its discretion in denying her motion to dismiss appellee Carlos Contreras's healthcare-liability claims because Contreras failed to serve an expert report within the statutory deadline. Although Contreras maintains he timely served an expert report, we conclude that the purported report, although timely, does not satisfy even the minimal requirements to be considered an expert report, and therefore we reverse and render in part and remand in part.

.

# I

In his original petition filed November 30, 2009, Contreras alleged that Dr. Velandia negligently extracted a tooth, resulting in serious personal injuries including lingual nerve damage, swelling, severe pain, numbness and tingling with loss of taste to the anterior right of his tongue, and trauma to his tongue while eating due to numbness. Contreras had difficulty serving Dr. Velandia with the lawsuit, and consequently, in February 2010, the trial court granted Contreras's request for substituted service. Dr. Velandia was then served by affixing copies of Contreras's petition and the trial court's order to the front door of her business on March 6, 2010. Consequently, Dr. Velandia's answer was due on March 29, 2010.

Dr. Velandia filed a general denial on March 30, 2010, one day late. Contreras did not immediately learn of the filing, however, because Dr. Valencia's attorney had mailed a copy of her answer by certified mail, return receipt requested. Contreras's attorney did not receive it until the next day, March 31.

The same day Contreras received Dr. Velandia's answer, Contreras served Dr. Velandia with the following documents described in a cover letter as "reports, dental records[,] and notes from two dentists" identified as expert witnesses: (1) a consultation letter signed by JF Lopez, DDS; (2) an accompanying x-ray; (3) a page of progress notes authored by Marjaneh Azad, DDS; and (4) related documents including a financial policy written in Spanish. In the correspondence accompanying the documents, Contreras's attorney also noted that he would forward the expert witnesses' curricula vitae upon receiving them and requested an extension of time if a more "formal report" was needed.

On April 14, 2010, Dr. Velandia moved to dismiss Contreras's claims under section 74.351 of the Medical Liability Act,[1] on the grounds that Contreras failed to serve her with an expert report within 120 days of filing suit as the statute required. Dr. Velandia did not mention the documents received from Contreras or object that they were insufficient to satisfy the statutory requirements for expert reports. Contreras responded

---

[1] Tex. Civ. Prac. & Rem. Code §§ 74.001–.507.

to the motion to dismiss, asserting that he served expert reports the same day he learned that Dr. Velandia had filed an answer and could not have served them before Dr. Velandia answered.

On May 20, 2010, Dr. Velandia filed a reply in which she asserted, for the first time, that even if Contreras's documents were served timely, they did not constitute an expert report as that term is statutorily defined and therefore the report amounted to "no expert report at all." Specifically, Dr. Velandia asserted that the documents failed to set forth (1) any standard of care, (2) how Dr. Velandia allegedly failed to meet those standards, and (3) what causal relationship, if any, resulted from that failure and the injury, harm, or damages caused. After receiving additional briefing and argument from both parties, the trial court denied Dr. Velandia's motion to dismiss by order signed February 7, 2011. This appeal followed.

## II

The parties agree that this case is a healthcare-liability action governed by the Medical Liability Act. In her sole issue, Dr. Velandia contends that the trial court abused its discretion by denying her motion to dismiss because Contreras failed to serve an expert report within the Act's statutorily designated time period for healthcare-liability claims.

## A

The Act requires a claimant in a healthcare-liability action to serve "one or more expert reports" on each opposing party or party's attorney within 120 days from the date of filing the original petition. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a). An expert report is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex. Civ. Prac. & Rem. Code § 74.351(r)(6); *see also id.* § 74.401

3

(discussing qualifications of expert witnesses). If the claimant fails to serve an expert report within the 120-day period, the court, on motion of the affected healthcare provider, shall enter an order awarding the healthcare provider reasonable attorney's fees and costs of court and dismissing the claim against the healthcare provider with prejudice. *Id.* § 74.351(b).

If a report is timely served, a healthcare provider "whose conduct is implicated" in the report must file and serve any objection to the sufficiency of the report "not later than the 21st day after the date it was served" or "all objections are waived." *Id.* § 74.351(a). But "if an expert report has not been served within [120 days] because elements of the report are found deficient," the court may grant one thirty-day extension to the claimant to "cure the deficiency." *Id.* § 74.351(c). We review for an abuse of discretion a trial court's ruling on a motion to dismiss based on the claimant's failure to timely serve an expert report. *Kingwood Specialty Hosp., Ltd. v. Barley*, 328 S.W.3d 611, 613 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

B

Dr. Velandia contends that Contreras filed his original petition on November 30, 2009, and therefore Contreras's expert report was due 120 days later, on March 30, 2010. But because Contreras missed the deadline, Dr. Velandia argues the trial court had no discretion to deny her motion to dismiss. In response, Contreras asserts that the Texas Supreme Court's decision in *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669 (2008) (per curiam), provides a tolling provision for the statutory 120-day period and supports his assertion that Dr. Lopez's consultation letter, included in the documents served on Dr. Velandia and which Contreras identifies as his expert report, was timely served on March 31, 2010. Assuming for purposes of this issue that Dr. Lopez's consultation letter constitutes an expert report, we agree with Contreras.

In *Gardner*, the plaintiffs, on August 24, 2006, filed a medical-malpractice suit against Dr. Berney Keszler, the doctor who performed a lumbar epidural procedure on Craig Gardner, and U.S. Imaging, Inc. d/b/a SADI Pain Management (SADI), the facility where the procedure was performed. *Id.* at 670. Dr. Keszler timely answered the suit and the plaintiffs served him with an expert report from Dr. Parker within 120 days of filing the suit. *Id*. SADI, however, did not timely answer the suit. *Id.* The plaintiff moved for and obtained a default judgment against SADI on December 14, 2006, eight days before the expiration of the 120-day expert-report deadline. *Id.* Upon learning of the default judgment, SADI filed a motion for new trial and a motion to set aside the default judgment, which the court granted pursuant to an agreement of the parties. *Id.* SADI filed an answer in the suit on February 12, 2007. *Id.* On March 20, 2007, the plaintiffs served SADI with the expert report they had served on the doctor. *Id.* Both Dr. Keszler and SADI objected to the report and moved for dismissal under section 74.351(b). *Id.* SADI additionally contended it was not served with an expert report within the statutory deadline. *Id*. at 671. Regarding the 120-day statutory deadline, the supreme court held that "when SADI failed to timely answer the Garners' suit by the Monday following the expiration of twenty days after it was served, the statutory period for serving it with an expert report was tolled until such time as SADI made an appearance." *Id.* (citation omitted). The court held that the plaintiff's expert report served on SADI on March 20, 2007, was within the statutory period. *Id*.

Here, Dr. Velandia complains that Contreras failed to serve her with an expert report within 120 days from filing his original petition and therefore his claims against her should be dismissed with prejudice. Applying the tolling rule of *Gardner*, however, when Dr. Velandia did not timely answer the lawsuit, the statutory period was tolled until Dr. Velandia made an appearance. *See id*. at 671. Because Dr. Velandia filed her answer on March 30, 2010—one day late—the statutory period was tolled for at least one day, to March 31, 2010. Thus, Dr. Lopez's consultation letter, served on March 31, 2010, was timely served.

Although Dr. Velandia disputes whether *Gardner*'s tolling rule applies here, she does not attempt to distinguish the case in any meaningful way. Instead, Dr. Velandia maintains that Dr. Lopez's consultation letter and the documents served on her do not constitute an expert report because they fail to set forth (1) any discussion of any of the purported expert witnesses' qualifications to render opinions against Dr. Velandia, (2) any discussion on the applicable standard of care, (3) any discussion on how Dr. Velandia allegedly failed to meet the standard of care, and (4) what causal relationship, if any, resulted between that failure and the injury, harm, or damages claims. Contreras responds that all of these complaints are waived because Dr. Velandia did not object to the sufficiency of Dr. Lopez's consultation letter within twenty-one days of receiving it. In reply, Dr. Velandia argues that she did not file objections to the sufficiency of the purported expert report because to this date no expert report has been served. Thus, the crux of the issue before us is whether the documents served on Dr. Velandia are, in the first instance, an expert report as defined by the Act and the case law interpreting the Act, thus requiring Dr. Velandia to object within twenty-one days to the sufficiency of the purported expert report. We hold that the documents do not constitute an "expert report" and, thus, Dr. Velandia was not required to lodge timely objections to the "sufficiency" of the documents.

In his briefing, Contreras relies exclusively on Dr. Lopez's consultation letter as the expert report at issue; therefore, we will turn to the substance of this document. The one-page letter is signed by "JF Lopez, DDS, MD, RPh, PA," dated September 28, 2009, and directed "[t]o whom it may concern." The letter reflects that Contreras reported to Dr. Lopez that "approximately 2 years ago he had dental surgery to extract tooth number 32 (wisdom tooth on the lower right) with Dr. Luz Belandia [sic]." Dr. Lopez goes on to describe Contreras's complaints and symptoms, as well as the result of his examination of Contreras and his review of Contreras's dental x-ray. Dr. Lopez states: "Panorex shows a

radiopacity in the area of the right wisdom tooth, measuring approximately 6 mm x 5 mm. It does not appear to be in contact with the right inferior alveolar nerve. This appears to be consistent with a root remnant." The letter concludes with Dr. Lopez's recommendation that Contreras "be evaluated by a neurologist or an oral and maxillofacial surgeon with neuro-surgical experience." Other than the one initial reference to Dr. Velandia, Dr. Lopez does not refer to her, nor does Dr. Lopez opine concerning any standard of care Dr. Velandia should have followed, any breach of the standard of care, or any causal link between Dr. Velandia's care and Contreras's symptoms.

Recently, the Texas Supreme Court considered the minimum standard an expert report must meet in *Scoresby v. Santillan*, 346 S.W.3d 546 (Tex. 2011). There, the court noted that although the Act "contemplates that a document can be considered an expert report despite its deficiencies, the Act does not suggest that a document utterly devoid of substantive content will qualify as an expert report." *Id.* at 549. The court held that a document qualifies as an expert report if it contains, at a minimum, "a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Id.* In determining "where to draw the line," the court explained that it was guided by two considerations: (1) that the Act's principal purpose is to reduce the expense of health-care-liability claims; and (2) that the goal of the Act's expert-report requirement is to deter frivolous claims. *Id.* at 556. The court thus concluded that a thirty-day extension to cure deficiencies in an expert report may be granted if the report is "served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Id.* at 557.

Here, although the purported report of Dr. Lopez was timely served, it fails to include any opinion or statement that Contreras's claim has merit. Further, assuming Dr. Lopez is qualified to provide an opinion, his consultation letter satisfies none of the

statutory requirements—he offers no standard of care applicable to Dr. Velandia, he provides no explanation of how Dr. Velandia failed to meet any standard of care, and he identifies no causal relationship between any failure on Dr. Velandia's part and Contreras's injury, harm, or damages. *See* Tex. Civ. Prac. & Rem. Code § 74.351(r)(6). The purpose of an expert report is to inform the defendant of the specific conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the claims have merit. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). Dr. Lopez's letter does neither.

We conclude, therefore, that Dr. Lopez's letter is not an expert report because it fails to satisfy the minimum standard articulated in *Scoresby*. Therefore, the trial court abused its discretion in denying Dr. Velandia's motion to dismiss for failure to serve an expert report. *See San Antonio Extended Med. Care, Inc. v. Vasquez*, No. 04-10-00727-CV, ___ S.W.3d ___, 2011 WL 3610113, at *4–5 (Tex. App.—San Antonio Aug. 17, 2011, no pet. h.) (applying *Scoresby* and holding that autopsy report for deceased patient was not an "expert report" under the Act and therefore trial court abused its discretion in denying defendant's motion to dismiss for failure to file an expert report even though defendant did not object to sufficiency of report within twenty-one days).

* * *

Accordingly, we reverse the trial court's judgment and render judgment dismissing Contreras's claims against Dr. Velandia with prejudice. Because Dr. Velandia is entitled to the award of reasonable attorney's fees and court costs, and the trial court did not consider the award of either reasonable attorney's fees or court costs, we must remand the case for a determination of both.


/s/　　Jeffrey V. Brown
　　　　Justice

Panel consists of Justices Brown, Boyce and McCally.