ACCEPTED
13-14-00756-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/20/2015 3:57:22 PM
DORIAN RAMIREZ
CLERK

**Cause No. 13-14-00756-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/20/2015 3:57:22 PM
DORIAN E. RAMIREZ
Clerk

**IN THE TEXAS
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI – EDINBURG**

————————————————

**VALLEY BAPTIST MEDICAL CENTER**
*Appellant*

**v.**

**ROSALINDA BATTLES, GERALD BATTLES, AS SURVIVING SPOUSE
OF ROSALINDA BATTLES, AMANDA GISELLE BATTLES, AS
SURVIVING CHILD OF ROSALINDA BATTLES, AND JEREMY BLAKE,
AS SURVIVING CHILD OF ROSALINDA BATTLES**
*Appellees*

————————————————

**Appeal from 444TH Judicial District Court
of Cameron County, Texas
for Cause No. 2013-DCL-4983-H**

————————————————

**BRIEF FOR THE APPELLEES**

————————————————

**MYLES R. GARZA
ROBERT GARZA**
1200 East Harrison
Brownsville, Texas 78520
Telephone:  (956) 544-1111
Fax:  (956) 544-1108

Attorneys for the Appellees, ROSALINDA BATTLES, et al.

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ...............................................................................................ii

TABLE OF AUTHORITIES.......................................................................................iii

ISSUES PRESENTED ...............................................................................................iv

STATEMENT OF FACTS ........................................................................................ 1

SUMMARY OF THE ARGUMENT ....................................................................... 3

ARGUMENT ............................................................................................................ 4

     A.    Whether the Appellant preserved the "no report" argument on appeal by failing to timely present this issue to the Court, and instead, submitted a proposed order granting the 30-day extension, agreed to pass the hearing on the merits, and presented this argument nearly a year after the Court had ruled.......... 4

     B.    Whether the case law cited by Appellant supports Appellees' contention that Appellant failed to preserve the "no report" at all argument to the Court............................................................................. 6

     C.    Conclusion..................................................................................... 9

PRAYER.................................................................................................................. 10

CERTIFICATE OF SERVICE ............................................................................... 11

CERTIFICATE OF COMPLIANCE...................................................................... 12

APPENDIX.............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bushell v. Dean*, 803 S.W.2d 711 (Tex.1991)(op. on reh'g) ................................... 4

*Fung v. Fischer*, 365 S.W.3d 507 (Tex. App.—Austin 2012), disapproved of by *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625 (Tex. 2013) ........................... 8

*Haskell v. Seven Acres Jewish Senior Care Services, Inc.*, 363 S.W.3d 754 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ...................................................... 7

*Jernigan v. Langley*, 195 S.W.3d 91 (Tex.2006) ..................................................... 4

*Laredo Texas Hosp. Co., L.P. v. Gonzalez*, 363 S.W.3d 255 (Tex. App.—San Antonio 2012, no pet.) .................................................................................. 7

*Otero v. Leon*, 319 S.W.3d 195 (Tex. App.—Corpus Christi 2010, pet. denied) .... 4

*San Antonio Extended Med. Care, Inc. v. Vasquez*, 358 S.W.3d 685 (Tex. App.— San Antonio 2011, pet. dism'd w.o.j.) ........................................................... 8

*Scoresby v. Santillan*, 346 S.W.3d 546 (Tex.2011) ................................................. 6

*Velandia v. Contreras*, 359 S.W.3d 674 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ........................................................................................................ 7

*Williamson v. New Times, Inc.*, 980 S.W.2d 706 (Tex. App.—Fort Worth 1998, no pet.) ............................................................................................................. 4

**Rules**

Tex. Civ. Prac. & Rem. Code Ann. § 74.351 ........................................................... 4

Tex. R. App. P. 33.1 ................................................................................................... 4

## ISSUES PRESENTED

Issue 1:    Whether the Appellant preserved the "no report" argument on appeal by failing to timely present this issue to the Court, and instead, submitted a proposed order granting the 30-day extension, agreed to pass the hearing on the merits, and presented this argument nearly a year after the Court had ruled.

Issue 2:    Whether the case law cited by Appellant supports Appellees' contention that Appellant failed to preserve the "no report" at all argument to the Court.

## STATEMENT OF FACTS

On July, 24, 2013, Appellees sued Appellant alleging Appellant's nursing staff negligently caused the death of Rosalinda Battles due to insufficient post-surgery monitoring. C.R. 7-8, 17-18. On November 21, 2013, Appellees served the expert report and curium vitae from Nurse Erin K. O'Malley ("O'Malley") on Appellant. C.R. 40-48.

On December 4, 2013, Appellant filed its objections to O'Malley's expert report. C.R. 35-50. In Appellant's objections, section III titled "[m]otion to [d]ismiss or [a]lternatively to [r]equire [p]laintiff [s]erve an [a]mended [r]eport that [m]eets Chapter 74 [r]equirements" was submitted. C.R. 37-38. Appellants also submitted a proposed order sustaining their objections and granting the 30-day extension to cure the deficient report. C.R. 49. Appellees did not file a response to Appellant's objections.

On January 8, 2014, the Court set Appellants objections for hearing. App. 1. Both parties appeared before to the Court to pass the hearing and set a status hearing a month later. *Id.* The same day, the Court signed Appellant's proposed order granting the 30-day extension. *Id.*, C.R. 51-52.

On February 7, 2014, the Appellees served, via facsimile and certified mail return receipt requested, Appellant O'Malley's amended expert report. C.R. 63-66. Appellant did not object to the amended expert report after the 21-day period on

1

March 12, 2014. C.R. 53-60. The Appellees filed a response to Appellant's objection claiming Appellant waived any and all objections. C.R. 67-71.

The Court set a hearing on the amended expert report for April 2, 2014. App. 1. Both parties appeared and Appellant requested dismissal of the case. R.R. II, 5:8-7:2. Appellees' responded that any and all objections to the amended expert report were waived by failing to object within the 21-day period. R.R. II, 7:3-8:18. The Court did not rule on Appellant's second motion to dismiss immediately.

On December 3, 2014, the Court set a second hearing on the matter upon Appellees' request. App. 1. Appellant, for the first time, argued O'Malley's first expert report was "no report" at all and the case should be dismissed on this basis. R.R. III, 8-11.

The Court denied Appellant's second motion to dismiss on December 10, 2014. C.R. 75. This appeal followed contesting the first expert report was "no report" at all.[1]

---

[1] Appellant's Brief does not challenge any issue of the amended report.

## SUMMARY OF THE ARGUMENT

This Appellees' brief questions whether the Appellant preserved the "no report" at all argument for review. Appellant did not preserve the "no report" argument for review as the Appellant submitted with it's first motion to dismiss a proposed order granting Appellee a 30-day extension, passed the hearing on Appellee's first expert report, and presented this argument nearly a year after the Court had already ruled. Thus, Appellant waived their issue for appellate review.

The cases cited by Appellant further support the need to timely present the "no report" at all argument to a trial court before ruling on the merits. Unlike the cases cited, Appellant passed its first motion to dismiss hearing and presented the issue well after the Court had already ruled. This did not preserve the argument. Thus, Appellant, again, waived this issue for appellate review.

# **ARGUMENT**

On appeal, a trial court's decision on a motion to dismiss under section 74.351 of the Civil Practice and Remedies Code is reviewed for abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex.2006); *Otero v. Leon*, 319 S.W.3d 195, 199 (Tex. App.—Corpus Christi 2010, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). A trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding principles. *Otero*, 319 S.W.3d at 199.

However, for preservation of a complaint on review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a). A party that fails to do this has not preserved error and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991)(op. on reh'g); *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 711 (Tex. App.—Fort Worth 1998, no pet.).

A.  **Whether the Appellant preserved the "no report" argument on appeal by failing to timely present this issue to the Court, and instead, submitted a proposed order granting the 30-day extension, agreed to pass the hearing on the merits, and presented this argument nearly a year after the Court had ruled.**

Appellant argues the Court abused its discretion because the first expert report was "no report" at all and the case should have been dismissed on this basis.

However, this issue was not preserved and was not presented until nearly a year later after the Court had already ruled.

Initially, when Appellees filed an expert report, the Appellant timely filed its objections and motion to dismiss along with a proposed order sustaining their objections and granting a 30-day extension to cure the deficiencies in the expert report. C.R. 35-52. Appellant's own motion requests dismissal or "alternatively" amend the expert report to meet the Chapter 74 requirements. C.R. 37-38. Appellees did not file a response to the motion as it suggested to the Court to sustain Appellant's objections and grant the 30-day extension. Additionally, there was no mention of O'Malley's expert report constituting "no report" at all.

When the Court set the motion for hearing on the merits on January 8, 2014, the Appellant had an opportunity to present the "no report" at all argument to the Court. However, both parties appeared and agreed to pass the hearing.[2] App. 1. As a result of the parties' agreement, a status hearing was set for a little more than 30 days and the Court signed the Appellant's proposed order on January 8, 2014, which granted the Appellees a 30-day extension to cure the expert report. App. 1, C.R. 51-52.

It was not until December 3, 2014 that Appellant presented for the first time, the "no report" at all argument to the Court. R.R. IV, 8-11. This was nearly a year

---

[2] Although the Court notes both attorneys appearing and agreeing to pass the hearing, a Reporter's Record is not available as informed by the Court.

after the Court had already ruled on the first expert report.

As a result of the Appellant submitting the proposed order for the 30-day extension to cure the expert report, agreeing to pass hearing arguments on their motion, and waiting nearly a year later to present the "no report" at all argument, Appellant did not timely present the argument before the Court and, thus, did not preserve this issue for appeal.

**B.      Whether the case law cited by Appellant supports Appellees' contention that Appellant failed to preserve the "no report" at all argument to the Court.**

Next, Appellant claims the Court abused its discretion by citing several cases where a trial court was obligated to grant their first motion to dismiss based on the "no report" at all argument. However, in each of the cases cited, the objecting party timely presented this issue to the trial court before a ruling was made. This is not the case here.

For example, in *Scoresby*, a group of Physicians timely objected to a letter serving as an expert report. *Scoresby v. Santillan*, 346 S.W.3d 546, 551 (Tex.2011). The Physicians argued before the trial court that the letter was "so woefully deficient, it did not even qualify as an expert report under the Act." *Id*. Here, the trial court was aware of the "no report" at all argument before ruling. *Id*.

Additionally, in *Velandia*, a Physician first motioned to dismiss a Plaintiff's claim on the basis that the expert report was not timely served. *Velandia v.*

6

*Contreras*, 359 S.W.3d 674, 675-76 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The Plaintiff responded that the expert report was timely served. *Id*. at 676. However, before the trial court's ruling, the Physician replied that the purported expert report was "no expert report at all." *Id*. The trial court was made aware of the "no report at all" argument and ruled accordingly. *Id*.

Also, in *Haskell*, some Defendants filed a motion to dismiss for a Plaintiff's failure to timely serve an expert report. *Haskell v. Seven Acres Jewish Senior Care Services, Inc.*, 363 S.W.3d 754, 757 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The Defendants were unaware that the Plaintiff had served documents to them that the Plaintiff contended satisfied a timely expert report. *Id*. The Plaintiff asserted the Defendants missed their 21-day deadline to object and waived any and all objections. *Id*. Before the trial court's ruling, the Defendants countered that the purported documents constituted "no expert report at all" and reargued their motion to dismiss. *Id*. Here, the trial court was aware of "no report" at all argument before ruling for Defendants. *Id*.

Moreover, in *Gonzalez*, a group of defendants challenged the sufficiency of the expert report and moved to dismiss a Plaintiff's case. *Laredo Texas Hosp. Co., L.P. v. Gonzalez*, 363 S.W.3d 255, 256-57 (Tex. App.—San Antonio 2012, no pet.). The Plaintiff filed a response that the expert report was not deficient and requested a 30-day extension to cure the deficiency. *Id*. The trial court denied the

7

Defendants' motion to dismiss and granted the extension. *Id*. Even though overturned on appeal, the trial court was aware of the Defendants' arguments. *Id*.

Likewise, in *Vasquez*, a Defendant moved to dismiss due to a Plaintiff's failure to serve a medical report. *San Antonio Extended Med. Care, Inc. v. Vasquez*, 358 S.W.3d 685, 687 (Tex. App.—San Antonio 2011, pet. dism'd w.o.j.). The Plaintiff moved to strike dismissal, claimed Defendant was not a "health care provider," and, even if "health care provider," Defendant waived objections by not timely filing objecting. *Id*. The trial court determined Defendant was not a "health care provider," the case was appealed, the appellate court determined Defendant was a "health care provider," and the case was remanded. *Id*. at 687-88. On remand and before ruling, the Defendant argued Plaintiff's expert report was "no report" at all. *Id*. at 688. While the trial court erroneously ruled in favor of the Plaintiff, the argument was presented to the court. *Id*.

Further, in *Fung*, a Defendant argued before a probate court the "no report" at all argument. *Fung v. Fischer*, 365 S.W.3d 507, 517 (Tex. App.—Austin 2012), disapproved of by *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625 (Tex. 2013). Unlike the other co-defendants, the probate court rendered judgment on the merits of the Defendant's objections for failure to comply with the statutory requirements. *Id*. at 528. Similarly, the probate court was aware of the "no report" at all argument and preserved the issue for appellate review. *Id*.

In all Appellant's cases cited, the objecting party timely brought before the trial courts the "no report" at all argument. The trial court, at minimum, considered this argument before issuing a ruling. Thus, preserving this issue for review by the appellate courts.

However, in this appeal, the Appellant did not present the "no report" at all argument before the Court issued the 30-day extension. Instead, the Appellant agreed to pass the hearing on the merits and the Court signed Appellant's proposed order for granting the extension. Appellant had an opportunity to timely present this argument before the Court ruled, but did not. Thus, the argument was not preserved for appeal.

Therefore, from the cases cited where the "no report" at all argument was properly presented to the trial court before ruling, preserving the argument, and Appellant untimely presenting the argument after the Court ruled, Appellant did not preserve the issue for review.

## C.  Conclusion

As a result of Appellant submitting the proposed order granting the 30-day extension, passing the hearing on the merits, and presenting the "no report" at all argument nearly a year after the Court had already ruled, Appellant did not timely present this objection to the Court and did not preserve this issue for appeal. Additionally, the case law submitted by Appellant supports that the argument

needs to be presented to a trial court before that trial court's ruling. Appellant did not present the "no report" at all argument to the Court until a year after the Court had already made its ruling, thus, waiving the "no report" at all argument to Appellees' first expert report.

## PRAYER

For the foregoing reasons discussed above, Appellees, Rosalinda Battles et al., pray this Court render judgment in favor of Appellees, and for all other relief to which Appellees are entitled.

Respectfully Submitted

**Law Office of Robert Garza, P.C.**
1200 East Harrison
Brownsville, Texas 78520
Telephone: (956) 544-1111
Facsimile: (956) 544-1108

By: */s/ Myles R. Garza*
    **MYLES R. GARZA**
    Texas Bar No. 24086499
    myles@rgarzalaw.com

    **ROBERT GARZA**
    Texas Bar No. 07738025
    jrobert@rgarzalaw.com

*Attorneys for Plaintiff,*
*Rosalinda Battles, et al.*

## CERTIFICATE OF SERVICE

I, hereby, certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on the 20th day of March, 2015, via electronic service and electronic mail:

Attorneys of record for *Appellant, Valley Baptist Medical Center*

Scott T. Clark
Roger W. Hughes
Will Hughes
**Adams & Graham, L.L.P.**
P.O. Drawer 1429
Harlingen, TX  78551

       ___*/s/ Myles R. Garza*_____
       **MYLES R. GARZA**

# CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), the undersigned counsel certifies this Appellees' Brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(B).

Exclusive of the exempted portions in Tex. R. App. P. 9(i)(1), Appellees' Brief contains <u>2,093</u> words. Appellees' Brief has been prepared in proportionally spaced typeface using:

Software Name and Version:    <u>Microsoft Word 2011</u>

In (Typeface Name and Font Size):    <u>Times New Roman 14 point for Text;</u>
<u>Times New Roman 12 point for Footnotes</u>.


**Law Office of Robert Garza, P.C.**
1200 E. Harrison St.
Brownsville, TX  78520
Phone (956) 544-1111
Facsimile: (956) 544-1108


By:    */s/ Myles R. Garza*
       **MYLES R. GARZA**
       Texas Bar No. 24086499

# **APPENDIX**

1. Register of Actions for Case No. 2013-DCL-04983 from Cameron County Public Access Website. *See* Case No. 2013-DCL-04983, CAMERON COUNTY PUBLIC ACCESS, http://co.cameron.tx.us/publicaccess (follow "Civil, Family & Probate Case Records" hyperlink; then search "Case Number" for "2013dcl4983"; then follow "2013-DCL-04983" hyperlink).

CAUSE NO. 13-14-00756-CV

# APPENDIX 1

TO APPELLEE'S BRIEF

# REGISTER OF ACTIONS
## CASE NO. 2013-DCL-04983

| | |
|---|---|
| ROSALINDA BATTLES,GERALD BATTLES, AS SURVIVING SPOUSE OF § <br> ROSALINDA BATTLES,AMANDA GISELLE BATTLES, AS SURVIVING § <br> CHILD OF ROSALINDA BATTLES, JERAMY BLAKE BATTLES, AS § <br> SURVIVING CHILD OF ROSALINDA BATTLES vs. VALLEY BAPTIST § <br> MEDICAL CENTER § | Case Type: **Medical Malpractice** <br> Date Filed: **07/24/2013** <br> Location: **444th District Court** |

### PARTY INFORMATION

|  |  |  | Attorneys |
|---|---|---|---|
| **Defendant** | **VALLEY BAPTIST MEDICAL CENTER** <br> HARLINGEN, TX 78550 | | **WILBERT (WILL) HUGHES** <br> *Retained* <br> 956-428-7495(W) |
| **Plaintiff** | **BATTLES, AMANDA** | | |
| **Plaintiff** | **BATTLES, GERALD** | | |
| **Plaintiff** | **BATTLES, JERAMY BLAKE** | | |
| **Plaintiff** | **BATTLES, ROSALINDA** | | **ROBERT GARZA** <br> *Retained* <br> 956-544-1111(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

07/24/2013 **Original Petition (OCA)**
*PLAINTIFFS' ORIGINAL PETITION*

07/24/2013 **Jury Fee Paid (OCA)**

07/25/2013 **Citation Issued**
*PLAINTIFFS' ORIGINAL PETITION*

07/25/2013 **Citation**

| VALLEY BAPTIST MEDICAL CENTER | Served | 08/06/2013 |
|---|---|---|
| | Returned | 08/06/2013 |

07/25/2013 **Clerks Journal**
*CITATION PLACED IN PICK UP BOX ATTORNEYS OFFICE NOTIFIED. M.AMIEVA*

08/30/2013 **Jury Demand**
*Valley Baptist Medical Center - Brownsville's Jury Demand*

08/30/2013 **Original Answer**
*Valley Baptist Medical Center's Original Answer*

09/04/2013 **Certificate of Written Discovery**
*Valley Baptist Medical Center - Brownsville's Certificate of Written Discovery*

09/05/2013 **Certificate**
*Certificate of Discovery*

10/03/2013 **Certificate of Written Discovery**
*Valley Baptist Medical Center-Brownsville Certificate of Written Discovery*

12/04/2013 **Document Filed**
*Defendant Valley Baptist Medical Center-Brownsville's Objection to Plaintiff's Expert Report of Erin k. O'Malley,RN,BSN,MHSA,INC-CSp and Motion to Dismiss*

01/08/2014 **Motion Hearing**  (9:00 AM) (Judicial Officer Sanchez, David)
*ON DEF OBJECTIONS 2 PLAINTIFF'S EXPERT REPORT OF ERIN K. O'MALLEY, RN, BSN, MHSA, INC-CSP & MTN 2 DISMISS*

01/08/2014 **Journal Entry**
*Both attys appeared agreed to pass and set for status 2/12/14 DSANCHEZ/pg*

01/08/2014 **Order** (Judicial Officer: Sanchez, David )
*Order Granting Defendant Valley Baptist Medical Centrer-Brownsville's Objections to Plaintiffs' Expert Report of Erin K. O'Malley,RN,BSN,MHSA,INC+CSP and Granting Plaintiffs a CPRC $74.351(c) Extension to Furnish Compliant Report*

02/12/2014 **Status Hearing**  (9:00 AM) (Judicial Officer Sanchez, David)

02/12/2014 **Journal Entry**
*Hearing passed by Atty R Garza's office they did nto have it on their calendar will submit order resetting 3/19/14 DSANCHEZ/pg*

03/12/2014 **Document Filed**
*Defendant Valley Baptist Medical Center-Brownsville's Objections to Plaintiffs' Second Deficient Expert Report of Erin K O'Malley,RN,BSN,MHSA,INC-CSp and Motion to Dismiss Plaintiff's*

03/18/2014 **Rule 11 Agreement**

*Rule 11 Agreement*

03/19/2014 *CANCELED*  **Status Hearing**  (9:00 AM) (Judicial Officer Sanchez, David)
*Other*

03/25/2014 **Document Filed**

| 03/25/2014 | Document Filed | | |
|---|---|---|---|
| | *Plaintiff's Objection to Defendant Valley Baptist Medical Center-Brownsville's Objection to Plaintiff's Second Deficient Expert Report of Erin K. O'Malley,RN,BSN,MHSA,Inc-CSP and Motion to Dismiss* | | |
| 04/02/2014 | **Motion Hearing** (9:00 AM) (Judicial Officer Sanchez, David) | | |
| | *ON DEF VBMCB OBJECTIONS 2 PLAINTIFF'S 2ND DEFICIENT EXPERT REPORT OF ERIN KO'MALLEY & MTN 2 DISMISS* | | |
| 04/02/2014 | **Journal Entry** | | |
| | *Both Atty's appeared, arguments made. DSANCHEZ/mrl* | | |
| 04/02/2014 | **Exhibits** | | |
| | *Exhibits 1 &* | | |
| 10/31/2014 | **Motion** | | |
| | *Plaintiff's Motion for Status Hearing on Defendant Valley Baptist Medical Center Objections* | | |
| 11/13/2014 | **Order Setting Hearing** (Judicial Officer: Sanchez, David ) | | |
| | *Order Setting Hearing* | | |
| 12/03/2014 | **Status Hearing** (9:00 AM) (Judicial Officer Sanchez, David) | | |
| 12/10/2014 | **Order** (Judicial Officer: Sanchez, David ) | | |
| | *Order on Defendant Valley Baptist Medical Center-Brownsville's Objections to Plaintiff's Second Deficient Expert Report of Erin K. O'Malley,RN,BSN,MHSA,Inc-CSP and Motion to Dismiss* | | |
| 12/29/2014 | **Notice of Appeal** | | |
| | *Defendant Valley Baptist Medical Center-Brownsville's Notice of Appeal* | | |
| 12/30/2014 | **Appeals Memorandum** | | |
| | *Appeals Memorandum* | | |
| 12/30/2014 | **Appeals Schedule** | | |
| | *Appeals Schedule* | | |
| 01/06/2015 | **Correspondence** | | |
| | *Correspondence from 13th Court of Appeals for Attorney* | | |
| 01/07/2015 | **No Fee Documents(Civil)** | | |
| | *Defendant Valley Baptist Medical Center-Brownsville's Designation of Clerk's Record* | | |
| 01/07/2015 | **No Fee Documents(Civil)** | | |
| | *Defendant Valley Baptist Medical Center-Brownsville's Designation of Reporter's Record* | | |
| 01/29/2015 | **Clerks Record Estimate** | | |
| | *Clerks Record Estimate Emailed to willhughes@adamsgraham.com Paid* | | |
| 02/03/2015 | **No Fee Documents(Civil)** | | |
| | *Attorney Vacation Letter* | | |
| 02/06/2015 | **Clerk's Record** | | |
| | *Clerks Record Volume 01* | | |
| 02/06/2015 | **Clerks Journal** | | |
| | *Clerk's Record Volume 001 electronically submitted to the 13th Court of Appeals and Emailed to willhughes@adamsgraham.com* | | |

## FINANCIAL INFORMATION

**Defendant** VALLEY BAPTIST MEDICAL CENTER
Total Financial Assessment     235.00
Total Payments and Credits     235.00
**Balance Due as of 03/16/2015**     **0.00**

| 09/03/2013 | Transaction Assessment | | | 32.00 |
|---|---|---|---|---|
| 09/03/2013 | Payment | Receipt # 2013-29020 | hughes, will | (32.00) |
| 09/03/2013 | Transaction Assessment | | | 2.00 |
| 09/03/2013 | Payment | Receipt # 2013-29021 | hughes, will | (2.00) |
| 03/12/2014 | Transaction Assessment | | | 2.00 |
| 03/14/2014 | Payment | Receipt # 2014-09071 | HUGHES, WILBERT (WILL) | (2.00) |
| 12/29/2014 | Transaction Assessment | | | 67.00 |
| 12/29/2014 | E-File Electronic Payment | Receipt # 2014-52014 | VALLEY BAPTIST MEDICAL CENTER | (67.00) |
| 01/07/2015 | Transaction Assessment | | | 2.00 |
| 01/07/2015 | E-File Electronic Payment | Receipt # 2015-00882 | VALLEY BAPTIST MEDICAL CENTER | (2.00) |
| 02/03/2015 | Transaction Assessment | | | 2.00 |
| 02/03/2015 | E-File Electronic Payment | Receipt # 2015-05567 | VALLEY BAPTIST MEDICAL CENTER | (2.00) |
| 02/04/2015 | Transaction Assessment | | | 128.00 |
| 02/04/2015 | Payment | Receipt # 2015-05643 | ADAMS & GRAHAM | (128.00) |

**Plaintiff** BATTLES, ROSALINDA
Total Financial Assessment     287.00
Total Payments and Credits     287.00
**Balance Due as of 03/16/2015**     **0.00**

| 07/25/2013 | Transaction Assessment | | | 247.00 |
|---|---|---|---|---|
| 07/25/2013 | Transaction Assessment | | | 8.00 |
| 07/25/2013 | Transaction Assessment | | | 30.00 |
| 07/25/2013 | Payment | Receipt # 2013-24601 | GARZA, ROBERT | (285.00) |
| 10/31/2014 | Transaction Assessment | | | 2.00 |
| 10/31/2014 | E-File Electronic Payment | Receipt # 2014-43183 | BATTLES, ROSALINDA | (2.00) |